1  Tod L. Gamlen, State Bar No. 83458
   Jerry Salcido, State Bar No. 233282
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone:  +1 650 856 2400
4  Facsimile:  +1 650 856 9299
   tod.l.gamlen@bakernet.com
5  jerry.m.salcido@bakernet.com

6  Attorneys for Petitioner
   MAXIM INTEGRATED PRODUCTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10 MAXIM INTEGRATED PRODUCTS, INC.,          **CIVIL ACTION**

11              Petitioner,                  **Case No.  C08 00721 JW**

12         v.                                **REPLY DECLARATION OF JAN
                                             SWINNEN IN SUPPORT OF MAXIM
13 MASTER CHIPS BVBA,                        INTEGRATED PRODUCTS, INC.'S
                                             PETITION TO VACATE
14              Respondent.                  ARBITRATION AWARD**

15                                           **Date:   June 2, 2008
                                             Time:   9:00 a.m.
16                                           Dept.:  8, Hon. James Ware**

17

18

19       I, Jan Swinnen, hereby make the following declaration under penalty of perjury under the

20 laws of the State of California and the United States.  I declare that the facts stated herein are true,

21 correct and within my own personal knowledge.  If called as a witness and sworn I could

22 competently testify to these facts.

23       1.       I am a partner in Lafili, Van Crombrugghe & Partners, Desguinlei 214, B-2018

24 Antwerpen, Belgium.  I served as lead counsel for Maxim Integrated Products, Inc. ("Maxim") in the

25 arbitration proceeding before the International Chamber of Commerce, International Court of

26 Arbitration, Case No. 14123/RCH/JHN, *Master Chips BVBA v. Maxim Integrated Products, Inc.*

27 ("the ICC Arbitration Proceeding").  As such I have personal knowledge of the facts in this

28 declaration.  One of my co-counsels was Bieke Noels, also a partner in Lafili, Van Crombrugghe &

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

Case No.
REPLYDECL OF JAN SWINNEN IN SUPP OF MAXIM'S PETITION TO VACATE ARBITRATION AWARD
PALDMS/367252.2

1  Partners, Kardinaal Mercierlei 44, B-2600 Antwerpen, Belgium.  Additionally, other members of my

2  firm, including Ingrid Meeussen, Gunther Thuysbaert, and Peter Vandeput, assisted in Maxim's

3  representation during the Arbitration proceedings.

4         2.      On January 30, 2008 I provided my "Declaration of Jan Swinnen in Support of

5  Maxim Integrated Products, Inc.'s Petition to Vacate Arbitration Award," ("January 30 Swinnen

6  Declaration") which I hereby incorporate by reference as though set forth in full.  In this declaration

7  I am providing facts in reply to Master Chips BVBA's ("Master Chips") "Opposition to Petition to

8  Vacate, and in Support of Petition to Confirm, Arbitration Award."  Specifically, I provide the

9  following:  facts relating to Master Chips' assertion that Maxim never responded to Master Chips'

10  December 29, 2006 "Analysis" extrapolating Maxim's sales data from Alcatel's publicly available

11  information.

12         3.      As set forth in ¶ 21 of the January 30 Swinnen Declaration, Maxim produced

13  thousands of documents to Master Chips on September 8, 2006 in response to Master Chips' August

14  2006 request for production.  As a follow up to that production, Master Chips requested that Maxim

15  organize the documents by creating spreadsheets that list the documents' information.

16         4.      On November 2, 2006, Maxim produced several spreadsheets with the following

17  information:

18               a.      All Maxim sales to Alcatel worldwide between January 1, 1998 and March 1,

19  2003;

20               b.      All Maxim sales to Alcatel worldwide between March 2, 2003 and June 30,

21  2006 of parts (+ DG409) which can be cross referenced as a design win in any of the FAE reports;

22               c.      Provisional information on all Maxim sales to Alcatel worldwide on parts

23  which cannot be cross referenced to any FAE design win (MAX707ESA, MAX907ESA,

24  MAX232ACSE, MAX232AEWE, MAX1649CSA, MAX649CSA, MAX651ESA, MAX774ESA,

25  MAX774CSA, ICL7642ECPD and MAX3491CSD) between March 2, 2003 and June 30, 2006;

26               d.      All Alcatel related Maxim sales to Arrow between January 1, 1998 and June

27  30, 2006;

28               e.      All potential Alcatel related Maxim sales to Flextronics between January 1,

2

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/367252.2

Case No. C 08 00721 JW
REPLY DECL OF JAN SWINNEN IN SUPP OF MAXIM'S PETITION TO VACATE ARBITRATION AWARD

1998 and June 30, 2006;

       f.     All Maxim sales to Philips between January 1, 1998 and March 1, 2003, which can be cross referenced to a Benelux FAE design win (for period after this through June 2006). Email from Jan Swinnen to Eric Van Ginkel, November 2, 2006, a true and correct copy of which is attached hereto as **EXH. 54**.

5.     As set forth in ¶ 27 of the January 30 Swinnen Declaration as of November 6, the first day of the November 2006 hearing, Maxim and Master Chips had still not resolved the extent to which Maxim was to produce sales records which Master Chips contended were relevant to the Commission Claim. At that hearing, Maxim and Master Chips agreed to the November 2006 Stipulation, which set forth 34 Maxim products that were at issue, required Maxim to produce a spreadsheet of its sales to Alcatel ("the Spreadsheet"), obligated Maxim to to contact Arrow Electronics, Inc. ("Arrow"), a Maxim distributor, to ask for its sales figures, and required Master Chips to request sales figures from Flextronics, one of Alcatel's primary contract manufacturers. The November 2006 Stipulation did not require Maxim to obtain sales figures from any of Alcatel's subcontractors or contract manufacturers.  .

6.     By December 18, 2006, Maxim had produced the Spreadsheet and requested that Arrow produce its sales information.

7.     As set forth in ¶ 32 of the January 30 Swinnen Declaration on December 29, 2006 Master Chips served an "Analysis" of Maxim's Spreadsheet and argued that the Spreadsheet was insufficient because it did not include Arrow's sales figures and that the Arbitrator should disregard the information in its entirety and instead accept Master Chips' "Best Estimate" of its damages whicih was extrapolated from Alcatel's public information. **EXH. 35**.

8.     Maxim did not immediately respond to Master Chips' Analysis because at the time of receiving the Analysis Maxim was in substantial compliance with the November 2006 Stipulation and as the Arbitrator had not asked Maxim to respond and had not placed a time limit for a response. Also, Master Chips had submitted numerous filings outside the authorized procedural calendar, including the Analysis. As a result, Maxim requested on several occasions that the Arbitrator grant Maxim permission to file additional memorials to respond to Master Chips' unauthorized filings

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367252.2

Case No. C 08 00721 JW
REPLY DECL OF JAN SWINNEN IN SUPP OF MAXIM'S PETITION TO VACATE ARBITRATION AWARD

1  including the Analysis.  This is reflected in Procedural Order No. 7, p. 6, **EXH. 36**.  Additionally,

2  Maxim did not expect the arbitrator to take a position in the matter without hearing Maxim's

3  position first.

4        9.     I was therefore surprised when the Arbitrator entered his Procedural Order No. 7 on

5  April 14, 2007.  In that order, the Arbitrator stated that it was his "understanding that [Maxim] has

6  failed to produce detailed sales figures relating to any sales to Alcatel that were made through ***third***

7  ***parties***," that Maxim did so "at its peril," and that Master Chips was, therefore, entitled to "present

8  its own best evidence" *i.e.*, Alcatel's public sales information.  Procedural Order No. 7, p. 7, **EXH.**

9  **36**.  After the Arbitrator entered Procedural Order No. 7, however, and surprised that he would enter

10  such an Order without hearing Maxim first, I responded to the arbitrator via email to explain to him

11  that Maxim complied with the November 2006 Stipulation, and therefore, his Procedural Order No.

12  7 was erroneous.  **EXH. 39.**

13        10.    Therefore, when I arrived at the May 7, 2007 hearing I was of the belief that the

14  issues regarding Maxim's disclosure obligations were resolved and that there was no reason why the

15  Arbitrator would consider anything other than the sales figures submitted by Maxim and Arrow.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/367252.2

1       11.     At the May 7, 2007 hearing the Arbitrator asked the parties whether Maxim had

2 contacted Arrow and obtained Arrow's sales figures. Maxim reminded the Arbitrator that it had

3 obtained Arrow's sales figure and produced a spreadsheet with Arrow's sales figures in an email the

4 week before. **EXH. 42**, May0707A-1-4. Maxim left the hearing having no reason to believe that the

5 Arbitrator would consider Alcatel's public records in lieu of the specific records that Maxim

6 produced in the arbitration because it complied with the November 2006 Stipulation.

7       I declare under penalty of perjury under the laws of the United States that the foregoing is

8 true and correct and this declaration was executed on May 19, 2008 at _____,

9 Belgium.



Jan Swinnen

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

# Exhibit
# 54

**Salcido, Jerry M**

| | |
|---|---|
| **From:** | Jan Swinnen |
| **Sent:** | Thursday, November 02, 2006 12:08 PM |
| **To:** | 'Eric van Ginkel' |
| **Cc:** | 'Jan Heiner Nedden'; Bieke Noels; 'Leo Goovaerts'; 'Sabine Thielemans' |
| **Subject:** | RE: additional disclosure |

Dear Arbitrator,

Failing a reply to my request for partial continuance from opposing counsel, whom I have not been able to reach over the phone either, I have no other option but to respectfully submit the request as outlined below to you.

With best regards,
Jan Swinnen

---

**From:** Jan Swinnen
**Sent:** Thursday, November 02, 2006 5:52 PM
**To:** 'Sabine Thielemans'; Leo Goovaerts
**Cc:** Eric van Ginkel; Jan Heiner Nedden; Bieke Noels
**Subject:** additional disclosure

Dear Counsel,

Pursuant to the email of arbitrator Van Ginkel of 1st November 2006, requesting additional disclosure by Maxim, please find herewith attached a zip-file in which I have bundled all previously done and all new disclosure.

For easy use, please unzip into a directory of your choice, making sure that the "use folder names" option is checked.

In this zip file you will find detailed information on:
- All Maxim sales to Alcatel worldwide between 1st January 1998 and 1st March 2003
- All Maxim sales to Alcatel worldwide between 2nd March 2003 and 30th June 2006 of parts (+ DG409) which can be cross referenced as a design win in any of the FAE reports (see below)
- Provisional information on all Maxim sales to Alcatel worldwide on parts which cannot be cross referenced to any FAE design win (MAX707ESA, MAX907ESA, MAX232ACSE, MAX232AEWE, MAX1649CSA, MAX649CSA, MAX651ESA, MAX774ESA, MAX774CSA, ICL7642ECPD and MAX3491CSD) between 2nd March 2003 and 30th June 2006. (see also below)
- All Alcatel related Maxim sales to Arrow between 1st January 1998 and 30th June 2006.
- All potentially Alcatel related Maxim sales to Flextronics between 1st January 1998 and 30th June 2006.
- All Maxim sales to Philips between 1st January 1998 and 1st March 2003, which can be cross referenced to a Benelux FAE design win. (for period after this through June 2006 see below)

In this zip file we have also included (although not requested by Master Chips) all FAE reports Maxim has been able to retrieve from 1st January 1998 through 30th June 2006.

(For the avoidance of doubt, please note that Maxim does not concede that any cross reference of any specific part sold to a design win in the enclosed Benelux FAE reports is sufficient for the sale being commissionable).

Please note that there have been no sales at all by Maxim to any alleged subcontractor for Alcatel on the ADSL project (other than Flextronics), such as Jabil, Ambit, Cis Techno or Solectron. As a consequence, none can be reported.

Please also note that in the period from 1st January 1998 through 30th June 2006, there has not been a single design win at Option, and consequently there have been no Maxim sales which can be cross referenced to any such design win, and none can be reported.

None of the above spreadsheets contains information as to the dates on which the relevant invoices have been paid. Maxim concedes that all of them have been paid.

Heide Perry, who at Maxim is responsible for compiling all this information, has been unable to fully complete two sub-sections of the disclosure request:

- First, at this point only provisional information (part numbers, number of parts sold, ship to location) is available on Maxim sales to Alcatel between 2nd March 2003 and 30th June 2006 on sales of selected parts (MAX707ESA, MAX907ESA,MAX232ACSE, MAX232AEWE, MAX1649CSA, MAX649CSA, MAX651ESA, MAX774ESA, MAX774CSA, ICL7642ECPD and MAX3491CSD), which can not be cross referenced to any design win. Heide still needs to compile that information into a detailed spreadsheet which will also contain price per part and invoiced amounts.
- Equally, at this time she has only been able to gather raw data (not compiled in a spread sheet) on any Maxim sales to Philips from 2nd March 2003 through 30th June 2006, which can be cross referenced to a Benelux FAE design win.

Heide Perry is currently abroad with her family, away from her office, and although she has worked hard even from her remote location to compile all the above information, her limited access to Maxim's system prevents her from completing these last two sections by tonight. She is also organizing herself to return to her home base earlier than planned in order to be able to complete them. As a result, she should be able to complete her assignment by Saturday of this week. She will also be available for cross examination by Master Chips at the evidentiary hearings of next week.

In view of the above, and also in view of the fact that the missing information only pertains to periods after 1st March 2003, and therefore has no direct bearing on any commission entitlement, whereas next week's evidentiary hearings will no doubt largely if not exclusively focus on commission related matters, we do not consider it unreasonable to request you to grant Maxim a continuance through Saturday 4th November for the missing information. Should you not grant such a continuance, we will have no other option but to submit a continuance request to the arbitrator instead.

With best regards,
Jan Swinnen