```
 1  HARVEY SISKIND LLP
    LAWRENCE J. SISKIND (SBN 85628)
 2  Email: siskind@harveysiskind.com
    SETH I. APPEL (SBN 233421)
 3  Email: sappel@harveysiskind.com
    Four Embarcadero Center, 39th Floor
 4  San Francisco, CA 94111
 5  Telephone: (415) 354-0100
    Facsimile: (415) 391-7124
 6
 7  Attorneys for Respondent and Cross-Petitioner
    MASTER CHIPS, BVBA
 8
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Petitioner,<br><br>v.<br><br>MASTER CHIPS, BVBA,<br><br>Respondent. | Case No. C 08 00721 JW<br><br>**MOTION TO STRIKE**<br><br>Date:   June 2, 2008<br>Time:   9:00 am<br><br>The Honorable James Ware<br>Courtroom 8, 4th Floor |
| MASTER CHIPS, BVBA,<br><br>Cross-Petitioner,<br><br>v.<br><br>MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Cross-Respondent. | |

In its reply brief, Maxim Integrated Products, Inc. ("Maxim") argues for the first time that the arbitration award in favor of Master Chips, BVBA ("Master Chips") should be vacated based on Sections 10(a)(2) and 10(a)(4) of the Federal Arbitration Act ("FAA"), as well as Articles V(1)(c) and V(1)(d) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). [Reply, 4:3-9]  Maxim did not mention any of these provisions in its opening brief.[1]

Master Chips hereby moves the Court to strike as improper Maxim's arguments under these provisions because they were not timely raised.

**ARGUMENT**

As discussed in Master Chips's opposition brief [Opp., 9:3-10:13], the grounds for vacating an arbitration award issued under the Convention[2] are limited to those contained in Article V of the Convention.[3]  Assuming *arguendo* Sections 10(a)(2) and 10(a)(4) of the FAA are relevant, however, Maxim was obligated to identify those sections in its opening brief if it wished to rely on them.  Likewise, Maxim was obligated to identify Articles V(1)(c) and V(1)(d) of the Convention in its opening brief if it wished to rely on those Articles.

---

[1] Maxim mentioned only Section 10(a)(2) of the FAA and Article V(1)(B) of the Convention.

[2] Maxim conceded in its Petition to Vacate Arbitration Award that the arbitration agreement is subject to the Convention.  [Pet., ¶¶ 8, 10]

[3] Maxim disputes this, but in so doing, it inexplicably ignores the first case cited by Master Chips in its Opposition [Opp., 9:7-10]: *Ministry of Defense of the Islamic Republic of Iran v. Gould Marketing, Inc.*, 887 F.2d 1357 (9th Cir. 1989).  In that case, the Ninth Circuit held that "a party seeking to avoid enforcement [of an award issued under the Convention] is limited to the seven defenses as listed in article V of the Convention."  The Ninth Circuit cases cited by Maxim, *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101 (9th Cir. 2007) and *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019 (9th Cir. 1991), are inapplicable because they did not involve awards issued under the Convention.  The *New Regency Prods., Inc*. arbitration award was issued under the rules of the American Film Marketing Association.  501 F.3d at 1103.  The *Pacific Reinsurance Management Corp.* award was issued under a Management Agreement entered into by members of a reinsurance pool and their manager. 935 F.2d at 1021-22.  Neither case involved the Convention.

By citing these provisions in its reply, Maxim injected new and different legal arguments. By citing Section 10(a)(2), Maxim argued, for the first time, that the arbitrator acted "with evident partiality." By citing Section 10(a)(4) and Article V(1)(C), Maxim argued, for the first time, that the arbitrator "exceeded his authority." By citing Article V(1)(d), Maxim argued, for the first time, that the arbitrator "violated the ICC Rules." [Reply, 4:7-9]

The leading California practice guide states: "It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." Schwarzer, *et al.*, *California Practice Guide: Federal Civil Procedure Before Trial*, §12:107 at 12-46 (The Rutter Group 2007). Because Maxim did not mention Sections 10(a)(2) and 10(a)(4) of the FAA or Articles V(1)(c) and V(1)(d) of the Convention in its opening brief, the Court has discretion to disregard Maxim's belated reliance on these provisions. *Id*.

Courts regularly disregard arguments raised for the first time in a reply brief. "It is well established in this circuit that courts typically do not consider arguments raised for the first time in a reply brief, as doing so may unfairly deprive defendant of its opportunity to make a meaningful response." *Rose v. Beverly Health & Rehab. Services*, Case No. CV F 06-0067 AWI DLB, 153 Lab. Cas. (CCH) P10,778, 2006 U.S. Dist. LEXIS 91740, at *22 (E.D. Cal. Dec. 7, 2006) (finding waiver). *See*, *e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Montgomery v. eTreppid Techs., LLC*, Case No. 3:06-CV-00056-PMP-VPC, 2007 U.S. Dist. LEXIS 20206, at *4 n.3 (D. Nev. Mar. 20, 2007) ("The Court will not consider issues raised for the first time in a reply brief."); *Carver v. Gonzales*, Case No. No. C06-1045MJP, 2006 U.S. Dist. LEXIS 87020 (W.D. Wash. Nov. 30, 2006) ("It is well-established that courts will not consider new arguments raised for the first time in a reply brief."); *Stewart v. Wachowski*, Case No. CV 03-2873 MMM (VBKx), 2004 U.S. Dist. LEXIS 26608, at *40 (C.D. Cal. Sept. 28, 2004) ("Courts decline to consider arguments that are raised for the first time in reply.").

**CONCLUSION**

For the reasons discussed above, the Court should strike Maxim's arguments under Sections 10(a)(2) and 10(a)(4) of the FAA and Articles V(1)(c) and V(1)(d) of the Convention.

Dated: May 23, 2008

Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
Seth I. Appel

Attorneys for Respondent and Cross-Petitioner
MASTER CHIPS, BVBA