1  HARVEY SISKIND LLP
2  LAWRENCE J. SISKIND (SBN 85628)
   Email: siskind@harveysiskind.com
3  SETH I. APPEL (SBN 233421)
   Email: sappel@harveysiskind.com
4  Four Embarcadero Center, 39th Floor
   San Francisco, CA  94111
5  Telephone:  (415) 354-0100
   Facsimile:  (415) 391-7124
6
7  Attorneys for Respondent and Cross-Petitioner
   MASTER CHIPS, BVBA
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br>          Petitioner, <br><br>   v. <br><br> MASTER CHIPS, BVBA, <br><br>          Respondent. | Case No. C 08 00721 JW <br><br> **OPPOSITION TO MOTION TO STRIKE CROSS-PETITION TO CONFIRM ARBITRATION AWARD** <br><br> Date:   June 2, 2008 <br> Time:   9:00 am <br><br> The Honorable James Ware <br> Courtroom 8, 4th Floor |
| MASTER CHIPS, BVBA, <br><br>          Cross-Petitioner, <br><br>   v. <br><br> MAXIM INTEGRATED PRODUCTS, INC., <br><br>          Cross-Respondent. | |

1  Maxim Integrated Products, Inc. ("Maxim") asks the Court to strike the Cross-Petition to
2  Confirm Arbitration Award filed by Master Chips, BVBA ("Master Chips") pursuant to Fed. R.
3  Civ. P.12(f).  Maxim bases its motion to strike on a stipulation entered into by the parties,
4  through their counsel, shortly after Maxim filed its Petition to Vacate Arbitration Award (the
5  "Stipulation").  Because Master Chips had just retained American counsel, and because that
6  counsel needed time to get up to speed on the case, the parties stipulated to extend the briefing
7  schedule, and to continue the hearing, concerning Maxim's Petition to Vacate.  Maxim now
8  argues that the Stipulation somehow bars Master Chips from filing a cross-petition to confirm the
9  same arbitration award that Maxim seeks to vacate.[1]

10  Maxim's position is not supported by the language of the Stipulation, runs counter to the
11  parties' clear intentions, and makes no sense.

**ARGUMENT**

**1.  The Stipulation Gave Master Chips the Right Through April 28 to File a Cross-Petition to Confirm Arbitration Award and Any Other Papers in Opposition to Maxim's Petition to Vacate Arbitration Award.**

15  The Stipulation provided that Master Chips "shall have up to and including April 28,
16  2008, to file papers in opposition to the Petition be they pleading, memorandum, declaration or
17  other paper."   Accordingly, Master Chips filed its Cross-Petition to Confirm Arbitration Award
18  on April 28.

19  Master Chips's Cross-Petition to Confirm Arbitration Award was a paper "in opposition
20  to" Maxim's Petition to Vacate Arbitration Award.  Indeed, where a party files a petition to
21  vacate an arbitration award, a petition to confirm the award is a <u>compulsory</u> counterclaim.
22  *Dzanoucakis v. Chase Manhattan Bank, USA*, Case No. 06-CV-5673 (JFB) (ARL), 2008 U.S.
23  Dist. LEXIS 25596, at *15-16 (E.D.N.Y. March 25, 2008); *Intercarbon Bermuda, Ltd. v. Caltex
24  Trading & Transp. Corp.*, 146 F.R.D. 64, 70 (S.D.N.Y. 2003).

---

[1] The Stipulation, which Maxim has submitted as Exhibit 53, explains:  "Respondent has only recently retained United States counsel and therefore has requested that the March 24 hearing date be continued and has requested additional time to respond to the Petition."

OPPOSITION TO MOTION TO STRIKE CROSS-PETITION TO CONFIRM ARBITRATION AWARD
Case No. C 08 00721 JW

The facts surrounding a petition to confirm an arbitration award, and a petition to vacate that award, are necessarily identical. To *oppose* a petition to vacate ineluctably entails an effort to confirm it. The result of a successful petition to confirm an arbitration award is the same as the result of a successful effort to oppose a petition to vacate.

In short, a petition to confirm an arbitration award is a paper "in opposition" to a petition to vacate that award.

**2.   The Parties Did Not Intend the Stipulation to Prevent Master Chips From Filing a Cross-Petition to Confirm Arbitration Award.**

In addition to extending the briefing schedule and continuing the hearing, the Stipulation provided that Master Chips "will take no steps . . . to enforce the November 9 Award . . . until after this Court has ruled on the Petition."

Maxim now contends that the Stipulation prevents Master Chips not only from beginning collection activities, but also from filing a cross-petition to confirm the award. Maxim reasons that "confirmation of an award is a step in the enforcement of it."

In a hyper-literal sense, Maxim's contention may have merit. Confirmation is, indeed, "a step" in the process of enforcement. For that matter, filing an ultimately successful claim for arbitration, adducing evidence at the hearing, filing briefs – all these are also "steps" in the enforcement process. But these are not the kinds of steps the parties (or their counsel) had in mind when they drafted the Stipulation.

"It is customary to think of enforcement of judgments in terms of execution against property of the judgment debtor." 8 Witkin, *California Procedure*, Enforcement of Judgment, §1 at 31 (4th ed. 1997). Thus, "enforcement" involves such measures as levying, garnishment, creditor's suits, contempt proceedings, and appointment of receivers. These are the kinds of proceedings the parties had in mind, and agreed to postpone, when they entered into the Stipulation.

Maxim's position not only contradicts the intentions of the parties, it makes no sense. As noted above, a petition to confirm is a compulsory counterclaim to a petition to vacate. The purpose of the Stipulation was to give Master Chips's newly appointed American counsel time to

1  become acquainted with the case and prepare a response. If Maxim truly believes that the
2  Stipulation bars Master Chips from seeking to confirm the award, then it must also believe that
3  the Stipulation was a useless sham. It would result in giving Master Chips more time to respond,
4  but for no real purpose. For without the right to seek confirmation, more time would do Master
5  Chips no good.

6      A Stipulation is a contract, and like any contract must be construed to give effect to the
7  parties' reasonable intentions and expectations. In this case, that means construing the word
8  "enforcement" to apply to those well known measures and procedures utilized by creditors
9  looking to their debtors' property and assets to satisfy a judgment or award. It does not mean
10 construing the word to apply to compulsory counterclaims.

## CONCLUSION

12     For the reasons discussed above, the Court should deny Maxim's motion to strike and
13 confirm the arbitration award.

15 Dated: May 23, 2008                    Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
           Seth I. Appel

Attorneys for Respondent and Cross-Petitioner
MASTER CHIPS, BVBA