Tod L. Gamlen, State Bar No. 83458
Keith L. Wurster, State Bar No. 198918
Jerry Salcido, State Bar No. 233282
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile:  +1 650 856 9299
tod.l.gamlen@bakernet.com
keith.l.wurster@bakernet.com
jerry.m.salcido@bakernet.com

Attorneys for Petitioner
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Petitioner, <br><br> v. <br><br> MASTER CHIPS BVBA, <br><br> Respondent. | CIVIL ACTION <br><br> Case No.  08 00721-JW <br><br> **MAXIM INTEGRATED PRODUCTS, INC.'S ANSWER TO CROSS-PETITION** <br><br> Date: June 2, 2008 <br> Time: 9:00 a.m. <br> Dept.: The Hon. James Ware, Courtroom 8, 4th Floor |

Petitioner Maxim Integrated Products, Inc. ("Maxim") submits this Answer to the Cross-Petition to Confirm Arbitration Award ("Cross-Petition") of Master Chips BVBA ("Master Chips"). The Federal Rules of Civil Procedure do not specifically address whether any responsive pleading to a "cross-petition" is required; and, therefore, out of an abundance of caution Maxim is filing this Answer.  In doing so Maxim is not waiving any rights or argument that such a responsive pleading is not required in this matter.

Maxim denies that Master Chips is entitled to an order confirming, recognizing or otherwise enforcing the arbitration award issued on November 9, 2007 by the International Chamber of Commerce, International Court of Arbitration (Case No. 14123/RHR/JHN) ("November 9 Award") for the reasons set forth in Maxim's Petition to Vacate Arbitration Award filed on January 31, 2008

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/367618.1

Case No. 08 00721-JW
MAXIM'S ANSWER TO CROSS-PETITION

("the Maxim Petition").

Responding further, and as defenses to the Cross-Petition, Maxim alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Maxim alleges that Master Chips has waived the right to seek confirmation of the November 9 Award at this time.  On March 17, 2008 Master Chips stipulated and agreed that it would take no steps to enforce the November 9 Award until after the Court has ruled on the Maxim Petition, and such stipulation was entered as an order of the Court.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Petition is barred under the doctrine of estoppel.  On March 17, 2008 Master Chips stipulated and agreed that it would take no steps to enforce the November 9 Award until after the Court has ruled on the Maxim Petition, and such stipulation was entered as an order of the Court.

### THIRD AFFIRMATIVE DEFENSE

The Court should refuse recognition, confirmation and enforcement of the November 9 Award on the grounds that Maxim timely filed the Maxim Petition to set aside the November 9 Award.  The basis for vacating such award is set forth in the Maxim Petition and the other papers filed by Maxim in support of such petition, and include (but are not limited to) the following—the November 9 Award was procured by undue means; the arbitrator was guilty of misconduct in refusing to postpone the arbitration and in refusing to hear evidence pertinent and material to the controversy; and, the arbitrator engaged in other misbehavior by which Maxim's rights were prejudiced.

### FOURTH AFFIRMATIVE DEFENSE

Recognition, confirmation and enforcement of the November 9 Award should be refused on the grounds that Maxim was unable to present its case in such arbitration as set forth in the Maxim Petition and other papers filed by Maxim in support of such petition.

### FIFTH AFFIRMATIVE DEFENSE

Recognition, confirmation and enforcement of the November 9 Award should be refused on the grounds that the arbitration procedures followed by the arbitrator was not in accordance with the agreement of the parties or the laws of the United States, which is where the arbitration took place.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/367618.1

2

Case No. 08 00721-JW
MAXIM'S ANSWER TO CROSS-PETITION

## SIXTH AFFIRMATIVE DEFENSE

Recognition, confirmation and enforcement of the November 9 Award should be refused on the grounds that confirmation, recognition or enforcement of it would be contrary to the public policy of the United States for the reasons set forth in the Maxim Petition and the other papers filed by Maxim in support of such petition.

WHEREFORE, Maxim prays for judgment as follows:

1. That Master Chips' Cross-Petition to confirm the November 9 award be denied;

2. That the Maxim Petition to vacate the November 9 Award be granted;

3. For such other and further relief as the Court may deem just and proper.


Dated:  May 23, 2008                    Respectfully submitted,

                                        BAKER & McKENZIE LLP
                                        TOD L. GAMLEN
                                        KEITH L. WURSTER
                                        JERRY SALCIDO


                                        By:  Tod L. Gamlen /s/
                                             Tod L. Gamlen
                                             Attorneys for Petitioner
                                             MAXIM INTEGRATED PRODUCTS, INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367618.1

3

Case No. 08 00721-JW
MAXIM'S ANSWER TO CROSS-PETITION