Tod L. Gamlen, State Bar No. 83458
Jerry Salcido, State Bar No. 233282
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile:  +1 650 856 9299
tod.l.gamlen@bakernet.com
jerry.m.salcido@bakernet.com

Attorneys for Petitioner
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MASTER CHIPS BVBA,<br><br>Respondent. | **CIVIL ACTION**<br><br>**Case No.  08-00721-JW**<br><br>**MOTION OF MAXIM INTEGRATED PRODUCTS, INC. FOR ADMINISTRATIVE RELIEF [L.R. 7–11]** (Filed in Connection with June 2, 2008, Hearing on Maxim's Petition to Vacate Arbitration Award):<br><br>**Date:    June 2, 2008**<br>**Time:   9:00 a.m.**<br>**Judge:  The Hon. James Ware,**<br>**            Courtroom 8, 4th Floor** |

Pursuant to Local Rule 7–11 Petitioner Maxim Integrated Products, Inc. ("Maxim") submits this motion for the following relief:

(1) That, in ruling on Maxim's Petition to Vacate arbitration Award which is scheduled for hearing on June 2, 2008, the Court disregard the Motion to Strike (Doc. No. 29) and the Opposition to Motion to Strike Cross–Petition to Confirm Arbitration Award (Doc. No. 30) ("MC May 23 Oppos.") filed by Respondent Master Chips BVBA ("Master Chips" or "MC") on May 23, 2008, on the grounds that such documents have been filed in violation of Local Rule 7–3(d).

(2) Alternatively, if the Court will not disregard Master Chips' May 23 Motion to Strike and MC May 23 Oppos., that Maxim be granted leave to file, and have the Court consider, the following:

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/367739.1

Case No 08 00721-JW
MOTION OF MAXIM INTEGRATED PRODUCTS, INC. FOR ADMINISTRATIVE RELIEF [L.R. 7–11]

1      (a)     The Memorandum of Maxim Integrated Products, Inc.: (1) in Opposition to Master Chips' Motion to Strike; (2) in Reply to Master Chips' Opposition to Maxim's Motion to Strike, ("Maxim Oppos./Reply Memo") which is attached as **EXHIBIT A** to the Declaration of Tod L. Gamlen in Support of Motion for Administrative Relief ("Gamlen Decl."); and,

    (b)     The Declaration of Jerry M. Salcido (1) in Opposition to Master Chips' Motion to Strike; (2) in Reply to Master Chips' Opposition to Maxim's Motion to Strike ("Salcido Oppos./Reply Decl."), which is attached as **EXHIBIT B** to the Gamlen Declaration.

This motion for administrative relief is made on the following grounds.

Local Rule 7–3(d) provides, in pertinent part, as follows:

> Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion—without argument. *Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.*

On January 31, 2008, Maxim filed the Petition of Maxim Integrated Products to Vacate Arbitration Award ("Maxim Petition") (Doc. No. 1) to vacate the arbitration award rendered on November 9, 2007 and entitled Partial Award ("the November 9 Award") which was entered in the arbitration before the International Chamber of Commerce, International Court of Arbitration, Case No. 14123/RCH/JHN and entitled *Master Chips BVBA v. Maxim International Products, Inc.,* along with a memorandum in support of the Maxim Petition (Doc. No. 3), and the Declarations of Jan Swinnen (Doc. No. 4), Bieke Noels (Doc. No. 5) and exhibits (Doc. No. 2). On March 12, 2008, the parties entered into a stipulation in which they agreed on, among other things, a briefing schedule for the hearing on the Maxim Petition;[1] this stipulation was signed as an order of the Court on March 17, 2008 (Doc. No. 18) and is referred to as the "March 17 Stipulation/Order." Under the March 17 Stipulation/Order Master Chips was to file its opposition papers on or before April 28, 2008; and Maxim was to file its reply papers on or before May 19, 2008.

---

[1] In addition, as part of that Stipulation the parties agreed, and the Court ordered, that Master Chips would take "…no steps in any manner or in any forum or any jurisdiction (whether the United States or otherwise) to enforce the November 9 Award or any other award that is, or has been, or will be rendered in the ICC Arbitration Proceeding until after this Court has ruled on the Petition."

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367739.1

2

Case No CV-05-0101-AWI (LJO)
MOTION OF MAXIM INTEGRATED PRODUCTS, INC. FOR ADMINISTRATIVE RELIEF [L.R. 7–11]

1  On May 19, Maxim filed its reply papers (Doc. Nos. 25-28). Notwithstanding the prohibition of Local Rule 7–3(d), on Friday, May 23 at approximately 12:25 p.m., Master Chips filed the Master Chips' Motion to Strike (Doc. No. 29) and the MC May 23 Oppos. (Doc. No. 30). Master Chips never sought or obtained leave of Court to file such papers.

In both of these filings Master Chips advances arguments that are unsupportable both legally and factually. In summary, and among other things: (i) Master Chips' Motion to Strike is procedurally improper and substantively unsupportable, is based on a misunderstanding of the applicable law, and is merely a pretext to improperly advance the arguments in footnote 3; and (ii) the arguments in the Master Chips' May 23 Oppos. fail to recognize the principles applicable to confirmation of arbitration awards, and are based on unsupportable assertions of the parties' "intent." Such is explained in more detail in the proposed Maxim Oppos./Reply Memo and Salcido Oppos./Reply Decl. which are attached as respectively **EXHIBITS A** and **B** to the Gamlen Declaration being submitted with this motion. However, because Maxim cannot file any memorandum or declaration to address Master Chips' arguments absent leave of Court the present motion under Local Rule 7-11 is being made.

As set forth more fully in opening and reply papers filed by Maxim in support of the Maxim Petition, throughout the history of the litigation and arbitration proceedings between the parties Master Chips has arrogantly disregarded the agreements of the parties and the rules applicable to such proceedings. Master Chips' unauthorized filing of its Motion to Strike and the MC May 23 Oppos. Memo. is but a further example of this. It is respectfully submitted that the Court grant this motion and issue an order as follows:

(1) That the Court will disregard the Master Chips' Motion to Strike and the MC May 23 Oppos. Memo. as being in violation of Local Rule 7–3(d). Or, alternatively,

//
//
//
//
//

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367739.1

3

Case No CV-05-0101-AWI (LJO)
MOTION OF MAXIM INTEGRATED PRODUCTS, INC. FOR ADMINISTRATIVE RELIEF [L.R. 7–11]

1      (2)    That the Court grant Maxim leave to file the Maxim Oppos./Reply Memo and Salcido
2  Oppos./Reply Decl., to have them deemed filed, and for the Court to consider them in connection
3  with the Maxim Petition to vacate the November 9 Award.

4  Dated: May 27, 2008                            Respectfully submitted,

5                                                  BAKER & McKENZIE LLP

7                                                  By:   /s/ Tod L. Gamlen
8                                                      Tod L. Gamlen
                                                    Attorneys for Petitioner
9                                                      MAXIM INTEGRATED PRODUCTS, INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367739.1

4

Case No CV-05-0101-AWI (LJO)
MOTION OF MAXIM INTEGRATED PRODUCTS, INC. FOR ADMINISTRATIVE RELIEF [L.R. 7–11]