Tod L. Gamlen, State Bar No. 83458
Jerry Salcido, State Bar No. 233282
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile:  +1 650 856 9299
tod.l.gamlen@bakernet.com
jerry.m.salcido@bakernet.com

Attorneys for Petitioner
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC. | **CIVIL ACTION** |
| Plaintiff, | **Case No.  08-00721-JW** |
| v. | **DECLARATION OF TOD L. GAMLEN IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF [L.R. 7–11]** (Filed in Connection with June 2, 2008, Hearing on Maxim's Petition to Vacate Arbitration Award): |
| MASTER CHIPS BVBA, | |
| Respondent. | |
| | **Date:   June 2, 2008** **Time:   9:00 a.m.** **Judge:   The Hon. James Ware,** **Courtroom 8, 4th Floor** |

I, Tod L. Gamlen, hereby make the following declaration under penalty of perjury under the laws of the United States and the State of California.  I declare that the facts stated herein are true, correct, and within my own personal knowledge.  If called as a witness and sworn I could competently testify to these facts.

1.      I am an attorney at law duly admitted to practice before the Courts of the State of California and before this Court.  I am a partner with the law firm of Baker & McKenzie LLP, 660 Hansen Way, Palo Alto, California, attorneys of record for petitioner Maxim Integrated Products, Inc. ("Maxim").  I have been one of the partners of Baker & McKenzie involved in

PALDMS/367732.1

handling this case on behalf of Maxim and, as such, I have personal knowledge of the matters set forth in this declaration.

2.      Maxim is filing the present motion for administrative relief pursuant to Local Rule 7–11 in which Maxim is seeking an order that:

(a)      The Court disregard the Motion to Strike (Doc. No. 29) and the Opposition to Motion to Strike Cross–Petition to Confirm Arbitration Award ("MC May 23 Oppos.") (Doc. No. 30), filed by respondent Master Chips BVBA ("Master Chips") on May 23, 2008; or, alternatively,

(b)      Grant Maxim leave to file the following: (1) the Memorandum of Maxim Integrated Products, Inc.; In Opposition to Master Chips' Motion to Strike; In Reply to Master Chips' Opposition to Maxim's Motion to Strike ("Maxim Oppos./Reply Memo."), a copy of which is attached hereto as **EXHIBIT A**; and, (2) the Declaration of Jerry M. Salcido (i) in Opposition to Master Chips' Motion to Strike; (ii) and Reply to Master Chips' Opposition to Maxim's Motion to Strike ("Salcido Oppos./Reply Decl."), a copy of which is attached hereto as **EXHIBIT B**.

3.      Maxim is filing this motion because on May 23, 2008, Master Chips filed the Master Chips' Motion to Strike and the MC May 23 Oppos. to Motion in violation of Local Rule 7–3(d).  In this regard on January 31, 2008, Maxim filed the Petition of Maxim Integrated Products to Vacate Arbitration Award ("Maxim Petition") (Doc. No. 1) to vacate the arbitration award rendered on November 9, 2007 and entitled Partial Award ("the November 9 Award") which was entered in arbitration before the International Chamber of Commerce, International Court of Arbitration, Case No. 14123/RCH/JHN and entitled *Master Chips BVBA v. Maxim International Products, Inc.,* along with a memorandum in support of the Maxim Petition (Doc. No. 3), and the Declarations of Jan Swinnen (Doc. No. 4), Bieke Noels (Doc. No. 5) and exhibits (Doc. No. 2).  On March 12, 2008, the parties entered into a stipulation in which they agreed on, among other things, a briefing schedule for the hearing on the Maxim Petition; and, in addition, as part of that stipulation the parties agreed, and the Court ordered, that Master Chips would take "…no steps in any manner or in any forum or any jurisdiction (whether the United States or otherwise) to enforce the November 9 Award or any other award that is, or has been, or will be rendered in the ICC Arbitration Proceeding until after this Court

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367732.1

2

Case No CV-05-0101-AWI (LJO)
DECLARATION OF TOD L. GAMLEN IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF [L.R. 7–11]

has ruled on the Petition." This stipulation was signed as an order of the Court on March 17, 2008 (Doc. No. 18) and is referred to as the "March 17 Stipulation/Order." Under the March 17 Stipulation/Order Master Chips was to file its opposition papers on or before April 28, 2008; and Maxim was to file its reply papers on or before May 19, 2008. On May 19, Maxim filed its reply papers (Doc. Nos. 25-28). Notwithstanding the prohibition of Local Rule 7–3(d), on Friday, May 23 at approximately 12:25 p.m., Master Chips filed the Master Chips' Motion to Strike (Doc. No. 29) and the MC May 23 Oppos. (Doc. No. 30). Master Chips never sought or obtained leave of Court to file such papers.

4.    On May 27, approximately 10:20 a.m., Jerry Salcido, one of the attorneys at Baker & McKenzie working on this case, sent an email to Harvey Siskind and Seth Appel, the attorneys for Master Chips, and requested that counsel enter into a stipulation that the Court will disregard the Master Chips' Motion to Strike and the Master Chips' Opposition to Motion to Strike, or alternatively, agree to allowing Maxim to file papers in response. A true and correct copy of that e-mail is attached hereto as **EXHIBIT C**. Counsel did not agree to enter into such stipulation. For those reasons, Maxim has been unable to obtain a stipulation of the type referred to in Local Rule 7–11(a).

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this declaration was executed on May 27, 2008 at Palo Alto, California.

/s/ Tod L. Gamlen, Esq.
Tod L. Gamlen

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/367732.1

3

Case No CV-05-0101-AWI (LJO)
DECLARATION OF TOD L. GAMLEN IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF [L.R. 7–11]

# EXHIBIT A

1   Tod L. Gamlen, State Bar No. 83458
    Jerry Salcido, State Bar No. 233282
2   **BAKER & McKENZIE LLP**
    660 Hansen Way
3   Palo Alto, CA  94304-1044
    Telephone:  +1 650 856 2400
4   Facsimile:   +1 650 856 9299
    tod.l.gamlen@bakernet.com
5   jerry.m.salcido@bakernet.com

6   Attorneys for Petitioner
    MAXIM INTEGRATED PRODUCTS, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MAXIM INTEGRATED PRODUCTS, INC.     **CIVIL ACTION**

12              Plaintiff,               **Case No.  08-00721-JW**

13        v.                             **MEMORANDUM OF MAXIM
                                         INTEGRATED PRODUCTS, INC.: (1) IN
14  MASTER CHIPS BVBA,                   OPPOSITION TO MASTER CHIPS'
                                         MOTION TO STRIKE; (2) IN REPLY
15              Respondent.              TO MASTER CHIPS' OPPOSITION TO
                                         MAXIM'S MOTION TO STRIKE**
16
                                         **Date:    June 2, 2008**
17                                       **Time:    9:00 a.m.**
                                         **Judge:   The Hon. James Ware,**
18                                       **         Courtroom 8, 4th Floor**

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3    I.    INTRODUCTION ........................................................................................................... 1

4    II.   ARGUMENT ................................................................................................................. 2

5          A.    Master Chips' Motion to Strike (Doc.  No. 29) Is Procedurally Improper and

6                Substantively Unsupportable. ...................................................................... 2

7                1.    The Motion Is Procedurally Improper. ............................................. 2

8                2.    Master Chips' Arguments Are Substantively Unsupportable and Are Merely a

9                      Pretext to Improperly Make Further Argument to the Court. ........................... 2

10         B.    The MC May 23 Oppos. (Doc. No. 30) Is Unsupportable. ............................................. 5

11               1.    Master Chips' Argument that the "Cross–Petition" and Maxim's Petition to

12                     Vacate are Identical is legally unsupportable. ................................................. 5

13               2.    Master Chips' Arguments that the Parties "Did not Intend" to Prevent Master

14                     Chips from Filing the "Cross–Petition" is Legally and Factually

15                     Unsupportable. ................................................................................................. 6

16   III.  CONCLUSION ............................................................................................................ 8

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 08 00721-JW
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Coty v. City of Peoria*, 2006 U.S. Dist. Lexis 2374, *4 (D. Ariz. 2006) ...................................... 2

*Dzanoucakis v. Chase Manhattan Bank, USA*, Case No. 06-CV-5673, 2008 U.S. Dist. LEXIS 25596 ( E.D.N.Y. 2008) ............................................................................................. 6

*Intercarbon Bermuda Ltd. v. Caltex Trading &Transport. Corp.*, 146 F.R.D. 64 ( S.D.N.Y. 1993) ........................................................................................................................ 6

*M.B.L. International Contractors, Inc. v. Republic of Trinidad and Tobago*, 725 F. Supp. 52 (D.D.C. 1989) ........................................................................................................ 7

*Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201 (D.N.M. 2005) ................... 2

*Shaw v. City of Sacramento*, 250 F.3d 1289 (9th Cir. 2001) ...................................................... 6

## STATUTES, RULES & REGULATIONS

9 U.S.C. § 10 .................................................................................................................................. 1

9 U.S.C. § 10(a)(2) .................................................................................................................... 3, 4

9 U.S.C. § 10(a)(3) .................................................................................................................... 3, 4

9 U.S.C. § 10(a)(4) ....................................................................................................................... 3

9 U.S.C. § 10(a)(4) .................................................................................................................... 3, 4

9 U.S.C. § 12 ................................................................................................................................. 6

9 U.S.C. § 201 ............................................................................................................................... 1

9 U.S.C. § 207 ............................................................................................................................... 6

Fed. R. Civ. P. § 13(f) .................................................................................................................. 6

Fed. R. Civ. P. § 7 ........................................................................................................................ 2

ICC Rules, Art. V(1)(b) ............................................................................................................ 3, 4

ICC Rules, Art. V(1)(c) ............................................................................................................ 3, 4

ICC Rules, Art. V(1)(d) ............................................................................................................ 3, 4

ICC Rules, Art. V (1)(e) ............................................................................................................... 3

Local Rule 7-3(d) ..................................................................................................................... 1, 2

## OTHER AUTHORITIES

8 Witkin, *California Procedure*, Enforcement of Judgment, §1 at 31 (4th ed. 1997) ................. 7

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

ii

Case No 1:05-CV-001001-AWI-LJO
OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE

# I.    INTRODUCTION

On May 23, 2008, and in violation of Local rule 7-3(d), Master Chips BVBA ("Master Chips") filed two papers, *i.e.*, a Motion to Strike (Court Docket ("Doc.") No. 29) certain portions of the Reply Memorandum (Doc. No. 28) of Maxim Integrated Products, Inc. ("Maxim"); and an Opposition to Maxim's Motion to Strike (Doc. No. 30).  This Court should deny Master Chips' Motion to Strike for several reasons.  *First*, consistent with the approach it has followed to arrogantly refuse to comply with its agreements and applicable rules since it first filed a Belgian lawsuit against Maxim in 2001, Master Chips' Motion to Strike is procedurally improper.  The motion not only violates Local Rule 7-3(d) but also is contrary to FED. R. CIV. P. 12(f), which permits motions to strike only as to *pleadings*, not portions of a reply brief.  The Motion to Strike is also *substantively unsupportable*.  Contrary to Master Chips' Motion to Strike, Maxim does not raise new arguments *for the first time* in its Reply Brief.  Maxim's opening papers address the Arbitrator's misconduct in detail and sets forth each act that warrants vacatur.  Master Chips' Motion to Strike is merely a pretext to unjustifiably limit the matters this Court may consider; and a pretext to make arguments in footnote 3 that should not have been made.

This Court should reject Master Chips' Opposition to Maxim's Motion to Strike ("the MC May 23 Oppos.").  Master Chips misunderstands the difference and relationship between *confirming* and *vacating* an arbitration award.  Master Chips agreed to not take any steps to enforce its award—which includes moving to confirm the award—until after Maxim's petition to vacate is decided.  Maxim carefully constructed its Stipulation and Order Re Continued Hearing Date And Briefing Schedule On Maxim Integrated Products, Inc.'s Petition To Vacate Arbitration Award ("March 17 Stipulation/Order") with Master Chips in order to deal with the vacatur issue separately from a petition to confirm, because in addition to the grounds for *vacatur* provided by the Federal Arbitration Act ("FAA" – 9 U.S.C. § 10) the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention" – 9 U.S.C. § 201 *et seq*) provides Maxim with separate grounds on which it can ask the Court to *refuse* to *recognize* and *enforce* (*i.e.* confirm) the arbitration award, once a petition to confirm has been filed.  Master Chips asks this Court to interpret the March 17 Stipulation/Order in a manner contrary to its plain language, but courts look to the four corners of

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 08 00721-JW
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

1    the document in interpreting the parties' intent.  Here, the Stipulation is clear.

2                                    **II.    ARGUMENT**

3    **A.    Master Chips' Motion to Strike (Doc.  No. 29) Is Procedurally Improper and**
     **Substantively Unsupportable.**
4
         **1.    The Motion Is Procedurally Improper.**
5

6           At least two considerations demonstrate that Master Chips' Motion to Strike is procedurally

7    improperly.  *First*, the filing of the Motion to Strike violates Local Rule 7–3(d).  That rule

8    specifically provides that "…once reply papers are filed no additional memoranda, papers or letters

9    may be filed without Court approval."  Under the March 17 Stipulation/Order, the briefing on

10   Maxim's Petition to Vacate the November 9 Award closed on May 19, 2008, when Maxim filed its

11   reply papers.

12          *Second*, motions to strike are governed by FED. R. CIV. P. 12(f).  That rule provides, in

13   pertinent part, as follows:

14                  The Court may strike from a *pleading* an insufficient defense or any
                    redundant, immoral, impertinent or scandalous matter.
15

16          As can be seen, Rule 12(f) allows motions to strike with respect to *pleadings*.  *Pimentel &*

17   *Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M. 2005).  A motion to strike will

18   not lie with respect to a reply brief, or portions thereof.  *See Pimentel & Sons Guitar Makers*, 229

19   F.R.D. at 203 (Court denies motion to strike directed to a reply brief because it is not a 'pleading'

20   under the FED. R. CIV. P. 7; *Coty v. City of Peoria*, 2006 U.S. Dist. Lexis 2374, *4 (D. Ariz. 2006)

21   ("Each of the motions before us refers to a motion, response, reply, or other briefing, but not to a

22   pleading, and accordingly, lies outside the scope of [] rule [12(f)].  [Citations]  Therefore, each

23   motion to strike is denied…").

24          **2.    Master Chips' Arguments Are Substantively Unsupportable and Are Merely a**
                   **Pretext to Improperly Make Further Argument to the Court.**
25

26          Even assuming that Master Chips had followed the correct procedural steps (which it did

27   not), Master Chips has no basis to contend that, in its Reply Memo., Maxim argues *for the first time*

28   that the Arbitrator acted with evident partiality, exceeded his authority or violated ICC Rules.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

2

Case No CV-05-0101-AWI (LJO)
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

1   Motion to Strike at 3:1-5.  This type of misconduct is set forth in detail in the Maxim Petition (Doc.

2   No. 1) and other opening papers (Doc. Nos. 2-5), where Maxim set forth the factual bases for

3   vacating the November 9 Award. These bases include the facts relating to the Arbitrator's refusal to

4   postpone the arbitration hearings where Master Chips untimely increased its damages claims, the

5   Arbitrator allowing (indeed, encouraging) Master Chips' expert to testify in French which was a

6   clear violation of Procedural Order No. 1, and, the Arbitrator ignoring the parties' November 2006

7   stipulation based on unsupported assertions by Master Chips and refusing to consider direct evidence

8   that was offered in conformity with (and reliance upon) that stipulation.  Such facts demonstrate

9   misconduct whereby Maxim was unable to present its case and denied a fair hearing, thereby

10  justifying vacating the November 9 Award.  In its reply papers, Maxim did not change the factual

11  bases of its petition.[1]  Master Chips has no basis to claim surprise that Maxim is relying on Article V

12  of the Convention or § 10 of the FAA in support of the Maxim Petition.  The fact that such conduct

13  overlaps into various provisions of Art. V of the Convention (such as Art. V(1)(b),(c) and/or (d)) or

14  §10 of the FAA (such as § 10(a)(2), (3) or (4)) is not a basis for the Court to disregard any of such

15  misconduct or any of the various provision which such conduct may fall under; or to strike or

16  otherwise ignore Maxim's references to § 10(a)(2) and (4) of the FAA and Art. V(1)(c) and (d) of

17  the Convention.[2]

18          These considerations demonstrate that Master Chips' true objective is to unjustifiably

19  circumscribe and limit the Court from considering *any* of the Arbitrator misconduct on which the

20  Maxim Petition is based under the guise that Maxim's arguments were raised "for the first time" in

21  Maxim's reply papers.  The Court should reject such attempts.

22          •       As to Maxim's reference to § 10(a)(2) (evident partiality), Maxim's opening papers

23

24  [1] In the Reply Declarations of Bieke Noels (Doc. No. 25), Jan Swinnen (Doc. No. 26) and Jerry
    Salcido (Doc. No. 27) Maxim did provide additional facts to demonstrate that the factual assertions

25  made by Master Chips in its opposition papers were unfounded.  Master Chips has not, and cannot,
    argue that the factual matter set forth in these reply declarations are improper in any way and/or

26  should be disregarded by the Court.
    [2] The cases that Master Chips relies on to support this argument in the Motion to Strike at 3:13-26

27  are distinguishable and do not support Master Chips' position.  In each of those cases the
    purportedly "newly raised" argument related to a new issue unrelated to the arguments previously

28  asserted.  Here, Maxim's references to Art. V (1)(c) and (d) and § 10(a)(2) and (4) merely reflect the
    overlap of these provisions, with Art. V (1)(e) and § 10(a)(3).

3

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No CV-05-0101-AWI (LJO)
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

clearly pointed out the conduct which would support a finding of partiality including refusing to continue the hearings, advocating Master Chips' position before the ICC and allowing and encouraging Master Chips expert to testify in French. Such misconduct certainly falls under § 10(a)(3) and the Court can fully consider it under that section (as well as Art. V(1)(b)). There is no reason for the Court not to consider it under § 10(a)(2) as well.

•    As to Maxim's reference to § 10(a)(4) and Art. V(1)(c) (exceeded authority), Maxim's opening papers clearly pointed out that the Arbitrator acted improperly by proceeding with the hearing and allowing increased damages claims even though no advance had been provided; allowing Willemart to testify in French; and negotiating with the ICC Court on behalf of Master Chips to increase Master Chips' claim for damages beyond even that which Master Chips requested. Again, the Court can fully consider that conduct under § 10(a)(3). There is no reason for the Court not to consider it under § 10(a)(4) as well.

•    As to Maxim's reference to Art. V(1)(d),[3] Maxim's opening papers clearly pointed out that the Arbitrator was in violation of the parties' agreement to follow the ICC Rules and that such a basis of misconduct justifies vacating the award. The fact that such violation also falls under Article V(1)(d) as a basis to *deny confirmation* is not a "newly raised argument." It is obvious that Master Chips' argument in this regard is disingenuous and a backhanded attempt, that this Court not even consider the fact that the arbitrator violated the ICC Rules, an argument that was clearly set forth in the Maxim Petition and the Opening Memo.

These considerations demonstrate there is no basis for this Court to "strike" or otherwise disregard any of Maxim's arguments. Rather, Master Chips' Motion to Strike is being used as a pretext by Master Chips to make the arguments in footnote 3 of the Motion to Strike, where Master Chips goes to great lengths to make legal arguments that have nothing to do with any purportedly "new arguments." In this respect the Motion to Strike is an improper and an unsupportable ploy to make the arguments at footnote 3 which Master Chips knows it has no right to make.[4]

---

[3] It should be noted that Art V(1)(d) speaks in terms of the "agreement of the parties."

[4] As evidenced by its footnote 3 in its motion to strike, Master Chips continues to misunderstand the law of vacatur and fails to understand that *vacatur* under the FAA is different from refusing to *recognize* and *enforce* an arbitration award under the Convention. *Ministry of Defense of the Islamic Republic of Iran v. Gould Marketing, Inc.*, 887 F.2d 1357 (9th Cir. 1989) did not even involve a

1    For these reasons, the Court should summarily deny Master Chips' Motion to Strike.

2    **B.    The MC May 23 Oppos. (Doc. No. 30) Is Unsupportable.**

3    The Maxim Reply Memo. (Doc. No. 28) at 15, Maxim provided authorities and reasons why

4    the Court should, on its own motion, strike Master Chips' "Cross–Petition" to confirm the

5    November 9 Award.  In the MC May 23 Oppos. Memo (Doc. No. 30), Master Chips advances two

6    reasons why the Court March 17 Stipulation/ Order (Doc. No. 18) does not justify striking "Cross-

7    Petition."  The Court should reject each of Master Chips' arguments in this regard.[5]

8         **1.    Master Chips' Argument that the "Cross–Petition" and Maxim's Petition to**
          **Vacate are Identical is legally unsupportable.**

9

10   The argument in the MC May 23 Oppos. at 1:13-2:6  misunderstand the statutory scheme

11   under Article V of the Convention, and the distinction and relationship between *recognition*

12   *(confirmation)* and *enforcement* of international arbitration awards, on the one hand, and *vacating*

13   such awards, on the other hand.  *See* Maxim Reply Memo. (Doc. No. 28) at 3:6-17.  Article V of the

14   Convention sets forth several bases by which a court will deny *recognition (confirmation)* and

15   *enforcement* of an international arbitration award.  One of those grounds is that found in Article

16   V(1)(e), *i.e.*, that the arbitration award has been vacated under the law of the country in which the

17   arbitration award was made (*i.e.*, the United States in this case).  The fact that an arbitration award

18   may be *vacated* is not the only basis by which the Court can deny *recognition (confirmation)* and

19   *enforcement*.  Stated differently, a party such as Maxim may move to *vacate* an arbitration award on

20   certain grounds as set forth in the FAA, but reserve the right to oppose *confirmation* on other

21   grounds.  It was in light of these considerations the parties stipulated that Maxim's petition to vacate

22   ────────────────

23   motion to vacate.  In that case a motion to confirm the arbitration award was filed and the opposing
party responded with a motion to dismiss for lack of jurisdiction.  Further, Master Chips' reliance on
that case is misplaced because Maxim does not seek to "avoid enforcement" of an international

24   arbitration award; it is seeking to *vacate* it.  Finally, Master Chips' misunderstanding of the law is
even more evident in its attempt to distinguish *New Regency Prods., Inc. v. Nippon Herald Films,*

25   *Inc.*, 501 F.3d 1101 (9th Cir. 2007) and *Pacific Reinsurance Management Corp. v. Ohio*
*Reinsurance Corp.*, 935 F.2d 1019 (9th Cir. 1991).  Both of those cases were subject to the

26   Convention because the arbitration awards arose out of a commercial legal relationship between
arbitrating parties from different countries who were signatories to the Convention (*see* 9 U.S.C. §

27   202), yet in both of those cases the courts applied the FAA.

28   [5] As an initial point, and as with the Motion to Strike, the MC May 23 Oppos. was filed in violation
of Local Rule 7–3(d).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1    would be determined first, as expressly set forth in the March 17, 2008 Order.  If such petition to

2    vacate was granted, there would be no need for Maxim, Master Chips, or the Court to address other

3    potential bases to deny confirmation.  If, however, the Maxim Petition is denied, then Maxim could

4    exercise its right to present other bases to oppose recognition (confirmation) and enforcement of the

5    November 9 Award.

6        The cases of  *Intercarbon Bermuda Ltd. v. Caltex Trading &Transport. Corp*., 146 F.R.D.

7    64, 70 ( S.D.N.Y. 1993) and *Dzanoucakis v. Chase Manhattan Bank, USA*, Case No. 06-CV-5673,

8    2008 U.S. Dist. LEXIS 25596 ( E.D.N.Y. 2008) cited by Master Chips are not relevant to the issue

9    of whether Master Chips is bound by its agreement, and this Court's order, that the Cross- Petition to

10   confirm should not have been filed until after the Court rules on the Maxim Petition.  Those cases

11   were addressing the issue of whether a District Court has jurisdiction over a petition to confirm an

12   arbitration award in a proceeding brought to vacate the same award.  Maxim does not  dispute this

13   Court's subject matter jurisdiction to hear a petition to confirm the November 9 Award.  The issue

14   here is *when* such a petition should be filed, that is, before or after the Court rules on the Maxim

15   Petition.  Master Chips agreed that such would not be filed until after the Maxim Petition was

16   resolved.  The Court should keep in mind that:  (i) under 9 U.S.C. § 207 of the Convention Master

17   Chips has three (3) years to file a proceeding to confirm while under 9 U.S.C. § 12 Maxim had only

18   3 months to file its petition to vacate; and, (ii) under FED. R. CIV. P. 13(f) a party can seek leave to

19   file a counterclaim when, among other things, "…justice so require."

20       **2.    Master Chips' Arguments that the Parties "Did not Intend" to Prevent Master
          Chips from Filing the "Cross–Petition" is Legally and Factually Unsupportable.**

21

22       From a legal standpoint, in determining the intent of any document the Court is first to look

23   to the express terms of the document itself; if such terms are clear and unambiguous, the Court

24   should not resort to extrinsic evidence relating to intent.  *See Shaw v. City of Sacramento*, 250 F.3d

25   1289, 1293 (9th Cir. 2001) ("Under California law, the language of a written contract governs its

26   interpretation so long at it is clear and explicit.").  A plain reading of the March 17, 2008

27   Stipulation/Order demonstrates that the parties agreed, and the Court ordered, as follows:

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6

Case No CV-05-0101-AWI (LJO)
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

1.    Respondent will take no steps in any manner or in any form or any jurisdiction (whether the United States or otherwise) to enforce the November 9 Award or any other award that is, has been, or will be rendered in the ICC Arbitration Proceeding until after this Court has ruled in this Petition.

* * *

3.    *Subject to paragraph 1, above,* Respondent shall have up to and including April 28, 2008 to file papers in *opposition to the Petition* be they pleading, memorandum, declaration or other paper, . . .

The law recognizes that confirmation of an award is a "step in enforcement" within the meaning of the March 17 Order.[6] *See M.B.L. International Contractors, Inc. v. Republic of Trinidad and Tobago*, 725 F. Supp. 52, 53 (D.D.C. 1989). In its opposition at 2:8-11, Master Chips takes selective portions of the March 17 Stipulation/Order out of context and focuses only on paragraph 1. Master Chips ignores paragraph 3, which specifically states that it is "subject to paragraph 1" and provides that Master Chips can file papers *in opposition* to Maxim's petition to vacate. When paragraphs 3 is read in conjunction with paragraph 1 it becomes clear that Maxim sought to prevent Master Chips from filing the very Cross-Petition that ultimately filed. These considerations demonstrate there is no reason for the Court to look at extrinsic evidence of intent in interpreting the March 17 Order.

Moreover, even if the Court were to look at extrinsic evidence of intent, Master Chips has not offered any admissible or proper evidence. Rather, Master Chips has only offered unauthenticated assertions. In the Salcido Decl. at ¶ 5 Maxim provides admissible and authenticated evidence that the March 17 Stipulation/Order was intended to preclude *any* steps leading to enforcement, including confirmation. As set forth above, the purpose of the March 17 Stipulation/Order was to ensure that the issue of whether the November 9 Award was to be vacated was to be determined first. If the November 9 Award were vacated, there would be no reason for the parties to go to the expense and effort litigating whether other reasons existed for denying confirmation. On the other hand, if the Maxim petition to vacate were denied then Maxim wanted the ability to assert whatever other

---

[6] For this reason Master Chips' reliance on 8 Witkin, *California Procedure*, Enforcement of Judgment, §1 at 31 (4th ed. 1997) is misplaced.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No CV-05-0101-AWI (LJO)
MEMO OF MAXIM: (1) IN OPP. TO MASTER CHIPS' MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367742.1

grounds were available to deny confirmation in a separate proceeding.  These concerns are evidenced by Maxim's rejection of language proposed by Master Chips in drafts of the stipulation.  See Salcido Decl., ¶ 5, Exhibit 58.

### III.    CONCLUSION

The Court should deny Master Chips' Motion to Strike.  And, the Court should reject each of the arguments in the MC May 23 Oppos.

Dated:  May 27, 2008                                Respectfully submitted,

                                                    BAKER & McKENZIE LLP


                                                    By:    /s/ Tod L. Gamlen
                                                        Tod L. Gamlen
                                                        Attorneys for Petitioner
                                                        MAXIM INTEGRATED PRODUCTS,
                                                        INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

# EXHIBIT B

1  Tod L. Gamlen, State Bar No. 83458
   Jerry Salcido, State Bar No. 233282
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone:  +1 650 856 2400
4  Facsimile:   +1 650 856 9299
   tod.l.gamlen@bakernet.com
5  jerry.m.salcido@bakernet.com

6  Attorneys for Petitioner
   MAXIM INTEGRATED PRODUCTS, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MAXIM INTEGRATED PRODUCTS, INC.    |  **CIVIL ACTION**

12              Plaintiff,             |  **Case No.  08-00721-JW**

13      v.                            |  **DECLARATION OF JERRY SALCIDO
                                          (1) IN OPPOSITION TO MASTER
14  MASTER CHIPS BVBA,                |  CHIPS' MOTION TO STRIKE; (2) IN
                                          REPLY TO MASTER CHIPS'
15              Respondent.           |  OPPOSITION TO MAXIM'S MOTION
                                          TO STRIKE**
16
                                      |  **Date:      June 2, 2008
17                                       Time:      9:00 a.m.
                                         Judge:     The Hon. James Ware,
18                                                  Courtroom 8, 4th Floor**

19

20          I, Jerry Salcido, hereby make the following declaration under penalty of perjury under the

21  laws of the United States and California.  I declare that the facts stated herein are true, correct, and

22  within my own personal knowledge.  If called as a witness and sworn I could competently testify to

23  these facts.

24          1.      I am an attorney at law duly admitted to practice before the Courts of the State of

25  California and before this Court.  I am an associate with the law firm of Baker & McKenzie LLP,

26  660 Hansen Way, Palo Alto, California, attorneys of record for petitioner Maxim Integrated

27  Products, Inc. ("Maxim").  I have been one of the attorneys of Baker & McKenzie involved in

28  handling this case on behalf of Maxim and, as such, I have personal knowledge of the matters set

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

Case No 08 00721-JW
DECL OF JERRY SALCIDO IN OPP TO (1) MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS'OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367735.1

1   forth in this declaration.

2         2.      I was involved in negotiating the "STIPULATION AND ORDER" which was

3   entered by the Court on March 17, 2008 (Document No. 18) and which is attached as Exhibit 55 to

4   my May 19, 2008 Reply Declaration (Document No. 27) ("March 17 Stipulation/Order").

5         3.      The March 17 Stipulation/Order provides, among other things, that:

6                 1.      Respondent will take no steps in any manner or in any form or
                  any jurisdiction (whether the United States or otherwise) to enforce the
7                 November 9 Award or any other award that is, or will be rendered in
                  the ICC Arbitration Proceedings until after this Court has ruled in this
8                 Petition.

9                 * * *

10                3.      Subject to paragraph 1, above, Respondent shall have up to and
                  including April 28, 2008 to file papers in opposition to the Petition be
11                they pleading, memorandum, declaration or other paper, . . .

12        4.      The purpose of this provision was to make sure that no steps were taken by Master

13  Chips to enforce the November 9 Award, including taking any steps to confirm such award.  The

14  reason for this is that under Article 5 of the Convention on the Recognition and Enforcement of

15  Foreign Arbitral Awards of June 10, 1958 ("the Convention") there are various defenses to

16  recognizing (confirming) and enforcing an arbitration award.  One of those defenses is found in

17  Article V(1)(e)—when the award has been vacated under the laws of the country in which the award

18  was made.  Maxim wanted to have the issue of whether the November 9 Award should be vacated

19  decided first, because there are other issues that would remain to be litigated with respect to other

20  bases by which recognition (confirmation) may be denied.  That is, if Maxim's petition to vacate

21  were granted there would be no need to pursue other bases to defend against confirmation.  On the

22  other hand, if Maxim's petition to vacate were denied, Maxim wanted to ensure that it reserved its

23  right to assert the defenses against confirmation that the Convention makes available.

24        5.      During the period March 10, 2008 to March 12, 2008 Seth Appel, the attorney for

25  Master Chips, and I, as counsel for Maxim, discussed various drafts of what became the March 17

26  Stipulation/Order.  One of the earlier drafts we discussed is attached hereto as **EXHIBIT 57**.  This

27  was an email draft that was provided by Mr. Appel and contained the following language—"Subject

28  to paragraph 1, above, Respondent shall have up to and including April 28, 2008 to file papers in

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

2

Case No CV-05-0101-AWI (LJO)
DECL OF JERRY SALCIDO IN OPP TO (1) MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS' OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367735.1

1   response to the Petition be they memorandum, declaration, or other papers." Mr. Appel clarified that

2   "'Response' would include opposition papers as well as pleading, responsive motion, etc." Exh. 57.

3   I rejected that language because it left open the possibility that Master Chips could file a petition to

4   confirm before the petition to vacate was resolved. I informed Mr. Appel that this language was

5   unacceptable and provided a revised draft by email dated March 12, 2008, a copy of which is

6   attached hereto as **EXHIBIT 58**. That draft contained the language on which we agreed upon for

7   the March 17 Stipulation/Order.

8          I declare under penalty of perjury under the laws of the United States and the State of

9   California that the foregoing is true and correct and that this declaration was executed on May 27,

10  2008 at Palo Alto, California.

11

12                                          /s/ Jerry M. Salcido, Esq.
                                            Jerry M. Salcido

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

3

Case No CV-05-0101-AWI (LJO)
DECL OF JERRY SALCIDO IN OPP TO (1) MTN TO STRIKE; (2) IN REPLY TO MASTER CHIPS'OPP. TO MAXIM'S MTN TO STRIKE
PALDMS/367735.1

# EXHIBIT 57

## Salcido, Jerry M

**From:**  Seth I. Appel [SAppel@harveysiskind.com]
**Sent:**  Tuesday, March 11, 2008 1:22 PM
**To:**  Salcido, Jerry M
**Cc:**  Lawrence J. Siskind
**Subject:** RE: Maxim v. Master Chips: Stipulation and Order

Jerry,

Thank you for preparing the stipulation.  My only suggestion is to substitute "response" for "opposition" in Paragraph 3.  Make it:  "Subject to paragraph 1, above, Respondent shall have up to and including April 28, 2008 to file papers in response to the Petition be they memorandum, declaration, or other papers."  ("Response" would include opposition papers as well as pleading, responsive motion, etc.)

Assuming you make that change, the stip looks fine.  Thanks again.

Seth

```
-----Original Message-----
From: Salcido, Jerry M [mailto:Jerry.M.Salcido@BAKERNET.com]
Sent: Monday, March 10, 2008 5:43 PM
To: Seth I. Appel
Cc: Gamlen, Tod L
Subject: Maxim v. Master Chips: Stipulation and Order

Seth:

We attach the stipulation and proposed order for your review and approval.  Please
let us know of any changes you may have so we can discuss.

Best regards,

Jerry

Jerry Salcido
Attorney at Law
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5551
Fax: +1 650 856 9299
jerry.m.salcido@bakernet.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Vererin
```

```
Pursuant to requirements related to practice before the Internal Revenue Service,
any tax advice contained in this communication (including any attachments) is not
intended to be used, and cannot be used, for the purposes of (i) avoiding penalties
imposed under the United States Internal Revenue Code or (ii) promoting, marketing
or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been
sent to you in error, please reply to advise the sender of the error and then
```

immediately delete this message.  Click here or visit
www.bakernet.com/disclaimer_bm  for other important information concerning this
message.

# EXHIBIT 58

## Salcido, Jerry M

| | |
|---|---|
| **From:** | Salcido, Jerry M |
| **Sent:** | Wednesday, March 12, 2008 10:16 AM |
| **To:** | Seth I. Appel |
| **Subject:** | RE: Maxim v. Master Chips: Stipulation and Order |

Seth,

Thanks for the message.  We would be agreeable the following language which seems to address your concerns and is in line with what we intended when we were willing to discuss a continuance.

"Subject to paragraph 1, above, Respondent shall have up to and including April 28, 2008 to file papers in opposition to the Petition be they pleading, memorandum, declaration, or other papers."

As you can understand we want to know ASAP if the the Award is to be vacated and our intent is not to grant a continuance so Master Chips can pursue any other issues.  Can you  please confirm that such is your intent as well -- if not we do not appear to have a meeting of the minds on the continuance issue.

Look forward to hearing from you.

Regards,

Jerry Salcido

**From:** Seth I. Appel [mailto:SAppel@harveysiskind.com]
**Sent:** Tuesday, March 11, 2008 3:08 PM
**To:** Salcido, Jerry M
**Cc:** Lawrence J. Siskind
**Subject:** RE: Maxim v. Master Chips: Stipulation and Order

Jerry,

At this point we do not know what we will file:  we have just been retained and are in the process of reviewing the file.  But we believe that any papers we file will be covered by the language we proposed (*i.e.*, "papers in response to the Petition").

Please understand that we are not trying to hide anything.  We simply are not ready to commit to a particular course of action at this time.

Seth

**From:** Salcido, Jerry M [mailto:Jerry.M.Salcido@BAKERNET.com]
**Sent:** Tuesday, March 11, 2008 2:42 PM
**To:** Seth I. Appel
**Subject:** RE: Maxim v. Master Chips: Stipulation and Order

Seth:

I don't see that as being a problem, but we would like to know what you plan on filing (opposition and answer to petition?), just to make sure it falls within the stipulation.  Please let me know.

Thanks.

Jerry

---

**From:** Seth I. Appel [mailto:SAppel@harveysiskind.com]
**Sent:** Tuesday, March 11, 2008 1:22 PM
**To:** Salcido, Jerry M
**Cc:** Lawrence J. Siskind
**Subject:** RE: Maxim v. Master Chips: Stipulation and Order

Jerry,

Thank you for preparing the stipulation.  My only suggestion is to substitute "response" for "opposition" in Paragraph 3.  Make it:  "Subject to paragraph 1, above, Respondent shall have up to and including April 28, 2008 to file papers in response to the Petition be they memorandum, declaration, or other papers."  ("Response" would include opposition papers as well as pleading, responsive motion, etc.)

Assuming you make that change, the stip looks fine.  Thanks again.

Seth

```
-----Original Message-----
From: Salcido, Jerry M [mailto:Jerry.M.Salcido@BAKERNET.com]
Sent: Monday, March 10, 2008 5:43 PM
To: Seth I. Appel
Cc: Gamlen, Tod L
Subject: Maxim v. Master Chips: Stipulation and Order

Seth:

We attach the stipulation and proposed order for your review and approval.  Please
let us know of any changes you may have so we can discuss.

Best regards,

Jerry

Jerry Salcido
Attorney at Law
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5551
Fax: +1 650 856 9299
jerry.m.salcido@bakernet.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Vererin


Pursuant to requirements related to practice before the Internal Revenue Service,
any tax advice contained in this communication (including any attachments) is not
intended to be used, and cannot be used, for the purposes of (i) avoiding penalties
imposed under the United States Internal Revenue Code or (ii) promoting, marketing
or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been
sent to you in error, please reply to advise the sender of the error and then
```

immediately delete this message.  Click here or visit
www.bakernet.com/disclaimer_bm  for other important information concerning this
message.

# EXHIBIT C

## Salcido, Jerry M

| | |
|---|---|
| **From:** | Salcido, Jerry M |
| **Sent:** | Tuesday, May 27, 2008 10:19 AM |
| **To:** | Seth I. Appel; Lawrence J. Siskind |
| **Cc:** | Gamlen, Tod L |
| **Subject:** | Maxim v. MC: May 23 filings |

Dear Seth and Harvey:

On Friday afternoon (that is, the Friday before the Memorial Day weekend), we received the electronically filed copies of Master Chips' (i) Motion to Strike; and, (ii) Opposition to Maxim's Motion to Strike.  These papers were filed without leave of Court and in violation of Local Rule 7-3(d) (which prohibits the filing of papers after a reply is filed).  We are writing at this time to determine if you will stipulate as follows:

  (1)    To withdraw your May 23 filings and not have the Court consider them; or, alternatively,

  (2)    To allow Maxim to file responses to these papers.  In our view they are procedurally improper and substantively unsupportable.

Can you please advise by 3 PM today if you will so stipulate so we can advise the Court on how we intend to proceed.

Many thanks,

Jerry Salcido

Jerry Salcido
Attorney at Law
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5551
Fax: +1 650 856 9299
jerry.m.salcido@bakernet.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein