Tod L. Gamlen, State Bar No. 83458
Jerry Salcido, State Bar No. 233282
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299
tod.l.gamlen@bakernet.com
jerry.m.salcido@bakernet.com

Attorneys for Petitioner
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Petitioner,<br><br>v.<br><br>MASTER CHIPS BVBA,<br><br>Respondent. | **CIVIL ACTION**<br><br>**Case No.  08 00721–JW**<br><br>**MAXIM INTEGRATED PRODUCTS, INC.'S NOTICE OF MOTIONS AND MOTIONS (1) TO STRIKE RESPONDENT'S SUPPLEMENTAL CROSS-PETITION TO CONFIRM JULY 12, 2008 ARBITRATION AWARD; (2) FOR LEAVE TO FILE SUPPLEMENTAL PETITION TO VACATE JULY 12, 2008 ARBITRATION AWARD; AND (3) TO VACATE JULY 12, 2008 ARBITRATION AWARD MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    **September 15, 2008**<br>Time:    **9:00 a.m.**<br>Dept.:   **Courtroom 8, 4th Floor**<br>Judge:   **The Honorable James Ware** |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 15, 2008 at 9:00 a.m., in the above-entitled Court Maxim Integrated Products, Inc. ("Petitioner" or "Maxim") will move, and hereby does move (1) to Strike Respondent's Supplemental Cross-Petition to Confirm July 12, 2008 Final Arbitration Award; (2) for Leave to File Supplemental Petition to Vacate Final Arbitration Award; and (3) to Vacate Final Arbitration Award.

On January 31, 2008 Maxim filed its Petition to Vacate the November 15, 2007 arbitration award and Master Chips filed its Cross-Petition to Confirm on April 28, 2008. The hearing on Maxim's Petition to Vacate and Master Chips' Cross-Petition to Confirm was held on June 2, 2008. Subsequently, on July 12, 2008 the arbitrator issued his Final Award. On July 24, 2008, without seeking leave of the Court, Master Chips filed a Supplemental Cross-Petition to Confirm the Final Award. Maxim seeks an order from the Court striking respondent Master Chips, BVBA's ("Master Chips") Supplemental Cross-Petition to Confirm Arbitration Award on the ground that Master Chips never obtained leave of court to file its Supplemental Cross-Petition as required by Federal Rules of Civil Procedure 15(d). Additionally, Maxim seeks an order from the Court, pursuant to Federal Rules of Civil Procedure 15(d), granting Maxim leave to file its Supplemental Petition to Vacate Arbitration Award, which is submitted and filed concurrently herewith. Finally, Maxim seeks an order vacating the July 12, 2008 Final Award.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case involves an arbitration that took place in Belgium and entitled *Master Chips BVBA v. Maxim Integrated Products, Inc.,* Case No. 14123/RCH/JHN. On November 9, 2007 entered partial award. On June 2, 2008 this Court held a hearing on Maxim's petition to vacate the November 9, 2007 partial arbitration award ("Partial Award") entered in the arbitration on grounds that the arbitrator—caused largely by the manipulation and misrepresentation of Master Chips— deprived Maxim of a fair hearing by improperly refusing to continue the arbitration proceedings in spite of good cause to do so; permitting Master Chips' expert witness to testify in French in violation of the arbitration rules that evidence be produced in either English or Dutch; and, considering

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

information outside the scope of an arbitrator-approved discovery stipulation entered into between Maxim and Master Chips on the issue of damages.

On July 12, 2008, after the hearing on Maxim's petition to vacate and after the parties had filed their respective pleadings to vacate and confirm the Partial Award, the arbitrator filed his "Final Award." Master Chips then filed a "Supplemental Cross-Petition to Confirm Arbitration Award" ("Supplemental Cross-Petition"), which seeks a Court order confirming both the Partial Award and the Final Award. Master Chips, however, filed its supplemental pleading without first obtaining leave of court as required by Federal Rules of Civil Procedure 15(d). The Court, therefore, should strike the Supplemental Cross-Petition.

Additionally, in light of the arbitrator's Final Award Maxim requests that the Court grant it leave to file its Supplemental Petition to Vacate the Arbitration Award, which is attached hereto and filed concurrently herewith.

Finally, Maxim requests that the Court vacate the Final Award. Maxim has adequately briefed the grounds on which the Court may base its ruling for vacation as to both the Partial Award and the Final Award and the Court heard oral argument on those issues on June 2, 2008. Accordingly, the Court can rule on Maxim's motion to vacate the Final Award without need for further oral argument.

## II.   BACKGROUND

On January 31, 2008, Maxim filed its Petition to Vacate Arbitration Award (Doc. No. 1). Maxim's Petition alleged that the "Partial Award" entered by arbitrator Eric Van Ginkel in favor of Master Chips should be vacated on several grounds of arbitrator misconduct, all of which deprived Maxim of a fair hearing. Those grounds included the arbitrator's refusing to continue the arbitration proceedings after allowing Master Chips to increase its damages claim from $2 million to $10 million on the eve of the arbitration hearing; disobeying his own procedural order by allowing Master Chips' expert witness Marc Willemart to testify in French, a language in which Maxim's counsel who was responsible for examining Willemart is not fluent; and, disregarding a November 2007 discovery stipulation that set forth each party's disclosure obligations—which lead to the arbitrator's considering irrelevant evidence to the detriment of Maxim.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

2

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

Master Chips filed an Opposition and Cross-Petition to Confirm Arbitration Award on April 28, 2008 (Doc. Nos. 20 and 21). In its Opposition Master Chips argued that the Federal Arbitration Act ("FAA") does not apply to the Partial Award. On May 19, 2008 Maxim filed its Reply, which, among other things, countered Master Chips' position on the FAA.

The Court heard Maxim's Petition to Vacate on June 2, 2008. At that hearing the Court indicated that it would be interested in knowing when the arbitrator issued his Final Award.

The arbitrator issued his Final Award on July 12, 2008. Two weeks later, on July 24, 2008, respondent Master Chips filed its Supplemental Cross-Petition, but did not request from the Court at that time, or any time before or since, for leave to file the Supplemental Cross-Petition.

On July 29, 2008, counsel for Maxim emailed Master Chips' counsel and notified them that Master Chips' Supplemental Cross-Petition was procedurally improper and subject to a motion to strike. In hopes of avoiding having to waste resources on filing a motion to strike Maxim proposed the parties enter into following stipulation:

- That Master Chips withdraw its Supplemental Cross-Petition;
- That if the Court grants Maxim's Petition to Vacate, such order will apply to vacate both the Partial Award and the Final Award; and
- Conversely, if the Court denies Maxim's Petition to Vacate and/or confirms the Partial Award, such order will apply to confirm both the Partial Award and the Final Award.

Master Chips refused to stipulate.

In spite of being on notice that its Supplemental Cross-Petition to vacate was subject to a motion to strike, Master Chips still failed to seek leave of court to file the Supplemental Cross-Petition. Instead, on August 7, 2008 it filed a Notice of Hearing Re the Supplemental Cross-Petition and a Memorandum of Points and Authorities in support of the Supplemental Cross-Petition, and scheduled a hearing date for September 15, 2008.

### III.   ARGUMENT

**A.   The Court Should Strike Master Chips' Supplemental Cross-Petition**

A motion to strike will lie for the filing of a pleading when leave is required, but not obtained. FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any

3

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

redundant, immaterial, impertinent, or scandalous matter.").

Master Chips never sought, nor obtained, leave of court to file its Supplemental Cross-Petition as required by Federal Rules of Civil Procedure 15(d) which reads in part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

*See also Hall v. Central Intelligence Agency*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("[supplemental pleadings] always require leave of the court").

Maxim notified Master Chips that the Supplemental Cross-Petition was subject to a motion to strike, but Master Chips did nothing to rectify the deficiency of failing to obtain leave of court. Maxim even sought to enter into a stipulation with Master Chips that would negate the need for the filing of supplemental pleadings, but to no avail. The Court, therefore, should strike Master Chips' Supplemental Cross-Petition.

**B.     The Court Should Grant Maxim Leave to Amend Its Supplemental Petition to Vacate**

Since Maxim filed its Petition to Vacate on January 31, 2008, the arbitrator has issued his Final Award. The Petition to Vacate, as is, applies only to the Partial Award. However, the grounds for vacating the Partial Award apply equally to the Final Award. Therefore, in order to follow proper procedure Maxim is seeking leave to file a supplemental petition (FED. R. CIV. P. 15(d)) to vacate the Final Award on the same grounds as the Partial Award. Accordingly, Maxim requests that this Court grant it leave to do so.

**C.     Vacate Final Award**

In its January 31, 2008 Petition to Vacate the Partial Award Maxim set forth the grounds justifying vacatur, namely: (1) the arbitrator's failure to continue the arbitration proceedings in light of Master Chips' increasing its damages claim from $2 million to $10 million on the eve of arbitration; (2) the arbitrator's violation of his own procedural order by allowing Master Chips' expert witness, Marc Willemart, testify in French, rather than in English or Dutch, the languages of the arbitration; and (3) the arbitrator's failure to abide by the November 2006 discovery stipulation entered into between the parties. These grounds are equally applicable to vacate the Final Award

4

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

and Maxim requests that the Court vacate both the Partial and Final Awards on the grounds set forth in Maxim's January 31, 2008 Petition to Vacate and supporting papers. The Court held oral argument on these issues on June 2, 2008. Accordingly, as the same arguments apply to vacate the Final Award as apply to the Partial Award, the court need not hold a hearing on Maxim's motion to vacate the Final Award.

### IV. CONCLUSION

For all the foregoing reasons, the Court should (1) strike Master Chips' Supplemental Cross-Petition; (2) grant Maxim leave to file the Supplemental Petition to Vacate, filed concurrently herewith; and, (3) Vacate the July 12, 2008 Arbitration Award.

Dated: August 11, 2008                    BAKER & McKENZIE LLP

By:   /s/ Tod L. Gamlen
    Tod L. Gamlen
    Attorneys for Petitioner
    MAXIM INTEGRATED PRODUCTS, INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1