1   Tod L. Gamlen, State Bar No. 83458
Jerry Salcido, State Bar No. 233282
2   **BAKER & McKENZIE LLP**
660 Hansen Way
3   Palo Alto, CA  94304-1044
Telephone:  +1 650 856 2400
4   Facsimile:   +1 650 856 9299
tod.l.gamlen@bakernet.com
5   jerry.m.salcido@bakernet.com

6   Attorneys for Petitioner
MAXIM INTEGRATED PRODUCTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  MAXIM INTEGRATED PRODUCTS, INC.,          **CIVIL ACTION**

11              Petitioner,                   **Case No.  08 00721–JW**

12       v.                                   **MAXIM INTEGRATED PRODUCTS,
                                              INC.'S NOTICE OF MOTIONS AND
13  MASTER CHIPS BVBA,                        MOTIONS (1) TO STRIKE
                                              RESPONDENT'S SUPPLEMENTAL
14              Respondent.                   CROSS-PETITION TO CONFIRM
                                              JULY 12, 2008 ARBITRATION
15                                            AWARD; (2) FOR LEAVE TO FILE
                                              SUPPLEMENTAL PETITION TO
16                                            VACATE JULY 12, 2008
                                              ARBITRATION AWARD; AND (3) TO
17                                            VACATE JULY 12, 2008
                                              ARBITRATION AWARD
18                                            MEMORANDUM OF POINTS AND
                                              AUTHORITIES
19

20                                            Date:    September 15, 2008**
                                            Time:    9:00 a.m.**
21                                            Dept.:   Courtroom 8, 4th Floor**
                                            Judge:   The Honorable James Ware**
22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on September 15, 2008 at 9:00 a.m., in the above-entitled

3    Court Maxim Integrated Products, Inc. ("Petitioner" or "Maxim") will move, and hereby does move

4    (1) to Strike Respondent's Supplemental Cross-Petition to Confirm July 12, 2008 Final Arbitration

5    Award; (2) for Leave to File Supplemental Petition to Vacate Final Arbitration Award; and (3) to

6    Vacate Final Arbitration Award.

7    On January 31, 2008 Maxim filed its Petition to Vacate the November 15, 2007 arbitration

8    award and Master Chips filed its Cross-Petition to Confirm on April 28, 2008.  The hearing on

9    Maxim's Petition to Vacate and Master Chips' Cross-Petition to Confirm was held on June 2, 2008.

10    Subsequently, on July 12, 2008 the arbitrator issued his Final Award.  On July 24, 2008, without

11    seeking leave of the Court, Master Chips filed a Supplemental Cross-Petition to Confirm the Final

12    Award.  Maxim seeks an order from the Court striking respondent Master Chips, BVBA's ("Master

13    Chips") Supplemental Cross-Petition to Confirm Arbitration Award on the ground that Master Chips

14    never obtained leave of court to file its Supplemental Cross-Petition as required by Federal Rules of

15    Civil Procedure 15(d).  Additionally, Maxim seeks an order from the Court, pursuant to Federal

16    Rules of Civil Procedure 15(d), granting Maxim leave to file its Supplemental Petition to Vacate

17    Arbitration Award, which is submitted and filed concurrently herewith.  Finally, Maxim seeks an

18    order vacating the July 12, 2008 Final Award.

19    **MEMORANDUM OF POINTS AND AUTHORITIES**

20    **I.    INTRODUCTION**

21    This case involves an arbitration that took place in Belgium and entitled *Master Chips BVBA*

22    *v. Maxim Integrated Products, Inc.,* Case No. 14123/RCH/JHN.  On November 9, 2007 entered

23    partial award.  On June 2, 2008 this Court held a hearing on Maxim's petition to vacate the

24    November 9, 2007 partial arbitration award ("Partial Award") entered in the arbitration on grounds

25    that the arbitrator—caused largely by the manipulation and misrepresentation of Master Chips—

26    deprived Maxim of a fair hearing by improperly refusing to continue the arbitration proceedings in

27    spite of good cause to do so; permitting Master Chips' expert witness to testify in French in violation

28    of the arbitration rules that evidence be produced in either English or Dutch; and, considering

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

1    information outside the scope of an arbitrator-approved discovery stipulation entered into between

2    Maxim and Master Chips on the issue of damages.

3         On July 12, 2008, after the hearing on Maxim's petition to vacate and after the parties had

4    filed their respective pleadings to vacate and confirm the Partial Award, the arbitrator filed his "Final

5    Award." Master Chips then filed a "Supplemental Cross-Petition to Confirm Arbitration Award"

6    ("Supplemental Cross-Petition"), which seeks a Court order confirming both the Partial Award and

7    the Final Award. Master Chips, however, filed its supplemental pleading without first obtaining

8    leave of court as required by Federal Rules of Civil Procedure 15(d). The Court, therefore, should

9    strike the Supplemental Cross-Petition.

10        Additionally, in light of the arbitrator's Final Award Maxim requests that the Court grant it

11   leave to file its Supplemental Petition to Vacate the Arbitration Award, which is attached hereto and

12   filed concurrently herewith.

13        Finally, Maxim requests that the Court vacate the Final Award. Maxim has adequately

14   briefed the grounds on which the Court may base its ruling for vacation as to both the Partial Award

15   and the Final Award and the Court heard oral argument on those issues on June 2, 2008.

16   Accordingly, the Court can rule on Maxim's motion to vacate the Final Award without need for

17   further oral argument.

18                          **II.    BACKGROUND**

19        On January 31, 2008, Maxim filed its Petition to Vacate Arbitration Award (Doc. No. 1).

20   Maxim's Petition alleged that the "Partial Award" entered by arbitrator Eric Van Ginkel in favor of

21   Master Chips should be vacated on several grounds of arbitrator misconduct, all of which deprived

22   Maxim of a fair hearing. Those grounds included the arbitrator's refusing to continue the arbitration

23   proceedings after allowing Master Chips to increase its damages claim from $2 million to $10

24   million on the eve of the arbitration hearing; disobeying his own procedural order by allowing

25   Master Chips' expert witness Marc Willemart to testify in French, a language in which Maxim's

26   counsel who was responsible for examining Willemart is not fluent; and, disregarding a November

27   2007 discovery stipulation that set forth each party's disclosure obligations—which lead to the

28   arbitrator's considering irrelevant evidence to the detriment of Maxim.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

1    Master Chips filed an Opposition and Cross-Petition to Confirm Arbitration Award on April

2    28, 2008 (Doc. Nos. 20 and 21).  In its Opposition Master Chips argued that the Federal Arbitration

3    Act ("FAA") does not apply to the Partial Award.  On May 19, 2008 Maxim filed its Reply, which,

4    among other things, countered Master Chips' position on the FAA.

5    The Court heard Maxim's Petition to Vacate on June 2, 2008.  At that hearing the Court

6    indicated that it would be interested in knowing when the arbitrator issued his Final Award.

7    The arbitrator issued his Final Award on July 12, 2008.  Two weeks later, on July 24, 2008,

8    respondent Master Chips filed its Supplemental Cross-Petition, but did not request from the Court at

9    that time, or any time before or since, for leave to file the Supplemental Cross-Petition.

10    On July 29, 2008, counsel for Maxim emailed Master Chips' counsel and notified them that

11    Master Chips' Supplemental Cross-Petition was procedurally improper and subject to a motion to

12    strike.  In hopes of avoiding having to waste resources on filing a motion to strike Maxim proposed

13    the parties enter into following stipulation:

14    • That Master Chips withdraw its Supplemental Cross-Petition;

15    • That if the Court grants Maxim's Petition to Vacate, such order will apply to vacate both

16    the Partial Award and the Final Award; and

17    • Conversely, if the Court denies Maxim's Petition to Vacate and/or confirms the Partial

18    Award, such order will apply to confirm both the Partial Award and the Final Award.

19    Master Chips refused to stipulate.

20    In spite of being on notice that its Supplemental Cross-Petition to vacate was subject to a

21    motion to strike, Master Chips still failed to seek leave of court to file the Supplemental Cross-

22    Petition.  Instead, on August 7, 2008 it filed a Notice of Hearing Re the Supplemental Cross-Petition

23    and a Memorandum of Points and Authorities in support of the Supplemental Cross-Petition, and

24    scheduled a hearing date for September 15, 2008.

25    **III.    ARGUMENT**

26    **A.    The Court Should Strike Master Chips' Supplemental Cross-Petition**

27    A motion to strike will lie for the filing of a pleading when leave is required, but not

28    obtained.  FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any

3

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

1    redundant, immaterial, impertinent, or scandalous matter.").

2          Master Chips never sought, nor obtained, leave of court to file its Supplemental Cross-

3    Petition as required by Federal Rules of Civil Procedure 15(d) which reads in part:

4                    On motion and reasonable notice, the court may, on just terms, permit
                     a party to serve a supplemental pleading setting out any transaction,
5                    occurrence, or event that happened after the date of the pleading to be
                     supplemented.
6

7    *See also Hall v. Central Intelligence Agency*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("[supplemental

8    pleadings] always require leave of the court").

9          Maxim notified Master Chips that the Supplemental Cross-Petition was subject to a motion

10   to strike, but Master Chips did nothing to rectify the deficiency of failing to obtain leave of court.

11   Maxim even sought to enter into a stipulation with Master Chips that would negate the need for the

12   filing of supplemental pleadings, but to no avail.  The Court, therefore, should strike Master Chips'

13   Supplemental Cross-Petition.

14   **B.    The Court Should Grant Maxim Leave to Amend Its Supplemental Petition to Vacate**

15         Since Maxim filed its Petition to Vacate on January 31, 2008, the arbitrator has issued his

16   Final Award.  The Petition to Vacate, as is, applies only to the Partial Award.  However, the grounds

17   for vacating the Partial Award apply equally to the Final Award.  Therefore, in order to follow

18   proper procedure Maxim is seeking leave to file a supplemental petition (FED. R. CIV. P. 15(d)) to

19   vacate the Final Award on the same grounds as the Partial Award.  Accordingly, Maxim requests

20   that this Court grant it leave to do so.

21   **C.    Vacate Final Award**

22         In its January 31, 2008 Petition to Vacate the Partial Award Maxim set forth the grounds

23   justifying vacatur, namely: (1) the arbitrator's failure to continue the arbitration proceedings in light

24   of Master Chips' increasing its damages claim from $2 million to $10 million on the eve of

25   arbitration; (2) the arbitrator's violation of his own procedural order by allowing Master Chips'

26   expert witness, Marc Willemart, testify in French, rather than in English or Dutch, the languages of

27   the arbitration; and (3) the arbitrator's failure to abide by the November 2006 discovery stipulation

28   entered into between the parties.  These grounds are equally applicable to vacate the Final Award

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

1    and Maxim requests that the Court vacate both the Partial and Final Awards on the grounds set forth

2    in Maxim's January 31, 2008 Petition to Vacate and supporting papers.  The Court held oral

3    argument on these issues on June 2, 2008.  Accordingly, as the same arguments apply to vacate the

4    Final Award as apply to the Partial Award, the court need not hold a hearing on Maxim's motion to

5    vacate the Final Award.

6                                IV.    CONCLUSION

7            For all the foregoing reasons, the Court should (1) strike Master Chips' Supplemental Cross-

8    Petition; (2) grant Maxim leave to file the Supplemental Petition to Vacate, filed concurrently

9    herewith; and, (3) Vacate the July 12, 2008 Arbitration Award.

10   Dated:  August 11, 2008                          BAKER & McKENZIE LLP

11

                                                      By:    /s/ Tod L. Gamlen
12                                                        Tod L. Gamlen
                                                         Attorneys for Petitioner
13                                                       MAXIM INTEGRATED PRODUCTS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5

Case No. 08 00721-JW
MAXIM'S MOTIONS (1) TO STRIKE SUPP. CROSS-PETITION; (2) FOR LEAVE TO FILE SUPP. PETITION TO VACATE; AND (3) TO VACATE ARB. AWARD
PALDMS/373512.1

1  Tod L. Gamlen, State Bar No. 83458
   Jerry Salcido, State Bar No. 233282
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone: +1 650 856 2400
4  Facsimile:  +1 650 856 9299
   tod.l.gamlen@bakernet.com
5  jerry.m.salcido@bakernet.com

6  Attorneys for Petitioner
   MAXIM INTEGRATED PRODUCTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  MAXIM INTEGRATED PRODUCTS, INC.,          **CIVIL ACTION**

11            Petitioner,                      **Case No.  08 00721–JW**

12        v.                                   **MAXIM INTEGRATED PRODUCTS,
                                                INC.'S SUPPLEMENTAL PETITION
13  MASTER CHIPS BVBA,                          TO VACATE ARBITRATION
                                                AWARD**
14            Respondent.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

                                                              Case No. 08 00721-JW
                    MAXIM'S SUPPLEMENTAL PETITION TO VACATE ARBITRATION AWARD
PALDMS/373530.1

1       Pursuant to Section 10 of the Federal Arbitration Act ("FAA" 9 U.S.C. § 10 and Article V of

2   the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958

3   (the "New York Convention"), Petitioner Maxim Integrated Products, Inc. ("Maxim"), by its

4   undersigned counsel, hereby files this Supplemental Petition to vacate the arbitration awards issued

5   on November 9, 2007 ("the November 9 Award") and July 12, 2008 ("the Final Award") in favor of

6   Master Chips BVBA ("Master Chips") in the International Chamber of Commerce, International

7   Court of Arbitration, Case No. 14123/RCH/JHN.  A true and correct copy of the November 9 Award

8   was submitted as **EXH. 51** to Maxim's January 31, 2008 Petition to Vacate and hereby incorporated

9   by reference.  A true and correct copy of the Final Award is submitted as **EXH. 57** and is attached to

10  the Declaration of Jerry Salcido filed in Support of Maxim's Motion (1) to Strike Respondent's

11  Supplemental Cross-Petition to Confirm July 12, 2008 Arbitration Award; (2) for Leave to File

12  Supplemental Petition to Vacate July 12, 2008 Arbitration Award; and (3) to Vacate July 12, 2008

13  Arbitration Award Memorandum of Points and Authorities

14      In support of this Petition, Maxim alleges as follows:

15      1.  Maxim incorporates herein by reference its Petition to Vacate Arbitration Award,

16  Memorandum in Support of Petition to Vacate Arbitration Award, Declaration of Jan Swinnen in

17  Support of Petition to Vacate, Declaration of Bieke Noels in Support of Petition to Vacate, Exhibits

18  Submitted in Support of Petition to Vacate, Maxim's Reply Memorandum in Support of Petition to

19  Vacate, Reply Declaration of Bieke Noels in Support of Petition to Vacate and exhibits attached

20  thereto, Reply Declaration of Jan Swinnen in Support of Petition to Vacate and exhibits attached

21  thereto, and Reply Declaration of Jerry Salcido in Support of Petition to Vacate and exhibits attached

22  thereto.

23      2.  In 1998 Maxim and Master Chips entered into a Distribution Agreement which contained

24  an arbitration clause.

25      3.  On August 31, 2001, Maxim sent Master Chips a notice that it was terminating the 1998

26  Distribution Agreement as of March 7, 2003.

27      4.  On October 30, 2001, Master Chips, in direct violation of the arbitration clause, sued

28  Maxim in the Brussels Commercial Court.  That court ruled that the dispute was subject to

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S SUPPLEMENTAL PETITION TO VACATE ARBITRATION AWARD

PALDMS/373530.1

1    arbitration.  The Court of Appeal of Brussels affirmed, but not until Maxim had been forced to

2    expend three years litigating the claim in a foreign court.

3        5.  On November 30, 2005, Master Chips initiated an arbitration proceeding against Maxim

4    in the International Chamber of Commerce, International Court of Arbitration (the "ICC Court").

5    Eric Van Ginkel was appointed the arbitrator.

6        6.  On November 9, 2007, the arbitrator issued a Partial Award.

7        7.  In the Partial Award, the arbitrator ruled in favor of Master Chips and against Maxim on

8    several claims.  Based on those successful claims, the arbitrator awarded damages to Master Chips in

9    the amount of $2,124,904.  The arbitrator also stated in the Partial Award that he would award

10   additional damages to Master Chips based on the calculations of an expert.  *See* Partial Award at 74-

11   75.

12       8.  On January 31, 2008, Maxim filed a Petition to Vacate Arbitration Award.  Maxim's

13   Petition alleged that the "Partial Award" should be vacated on several grounds of arbitrator

14   misconduct, all of which deprived Maxim of a fair hearing.  Those grounds included the arbitrator's

15   refusing to continue the arbitration proceedings after allowing Master Chips to increase its damages

16   claim from $2 million to $10 million on the eve of the arbitration hearing; disobeying his own

17   procedural order by allowing Master Chips' expert witness Marc Willemart to testify in French, a

18   language in which Maxim's counsel who was responsible for examining Willemart is not fluent;

19   and, disregarding a November 2007 discovery stipulation that set forth each party's disclosure

20   obligations—which lead to the arbitrator's considering irrelevant evidence to the detriment of

21   Maxim.

22       9.  Master Chips filed an Opposition and Cross-Petition to Confirm Arbitration Award on

23   April 28, 2008.  In its Opposition Master Chips erroneously argued that the Federal Arbitration Act

24   ("FAA") does not apply to Maxim's Petition to Vacate.  On May 19, 2008 Maxim filed its Reply,

25   which, among other things, countered Master Chips' position on the FAA.

26       10. The Court heard Maxim's Petition to Vacate on June 2, 2008.  At that hearing the Court

27   indicated that it would be interested in knowing when the arbitrator issued his Final Award.

28       11. The arbitrator issued his Final Award on July 12, 2008.  In his Final Award, the arbitrator

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No. 08 00721-JW
MAXIM'S SUPPLEMENTAL PETITION TO VACATE ARBITRATION AWARD

PALDMS/373530.1

1  awarded Master Chips damages in the amount of approximately $7 million, which is in addition to

2  the $2,124,904 he already awarded Master Chips in his Partial Award.

3       WHEREFORE, Maxim seeks relief, in addition to the relief requested in Maxim's Petition to

4  Vacate Arbitration Award, as set forth below:

5       1.  An order and judgment vacating the Partial Award and Final Award;

6       2.  An order and judgment denying Master Chips' Cross-Petition to confirm the Partial

7  Award and/or Final Award;

8       3.  An order and judgment denying Master Chips' Supplemental Cross-Petition to Confirm

9  Arbitration Award; and

10       4.  Any and all other relief which the Court deems proper.

11

12  Dated:  August 11, 2008             BAKER & McKENZIE LLP

13

14                 By:    /s/ Tod L. Gamlen

15                     Tod L. Gamlen
                   Attorneys for Petitioner
                   MAXIM INTEGRATED PRODUCTS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3

1  Tod L. Gamlen, State Bar No. 83458
   Jerry Salcido, State Bar No. 233282
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone: +1 650 856 2400
4  Facsimile:  +1 650 856 9299
   tod.l.gamlen@bakernet.com
5  jerry.m.salcido@bakernet.com

6  Attorneys for Petitioner
   MAXIM INTEGRATED PRODUCTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  MAXIM INTEGRATED PRODUCTS, INC.,          CIVIL ACTION

11            Petitioner,                      **Case No.  08 00721–JW**

12       v.                                    **[PROPOSED] ORDER GRANTING
                                                MAXIM INTEGRATED PRODUCTS,**
13  MASTER CHIPS BVBA,                         **INC.'S PETITION TO VACATE
                                                ARBITRATION AWARD AND**
14            Respondent.                      **SUPPLEMENTAL PETITION TO
                                                VACATE ARBITRATION AWARD**
15

16

17        Maxim Integrated Products, Inc. ("Maxim") has filed a Petition to Vacate ("Petition") the

18  November 9, 2007 Arbitration Award ("the November 9 Award) and a Supplemental Petition to

19  Vacate ("Supplemental Petition") the July 12, 2008 Arbitration Award ("Final Award") rendered in

20  the arbitration proceeding before the International Chamber of Commerce, International Court of

21  Arbitration ("ICC Court"), Case No. 14123/RCH/JHN, *Master Chips BVBA v. Maxim Integrated*

22  *Products, Inc*.  Maxim's Petition came on regularly for hearing on June 2, 2008.  Subsequently, the

23  Court has considered Maxim's Supplemental Petition.  Maxim and Respondent Master Chips BVBA

24  ("Master Chips") were each represented by their respective counsel at the June 2, 2008 hearing.

25        Having reviewed the papers in support of, and in opposition to, said Petition and

26  Supplemental Petition, having heard the argument of counsel and good cause appearing therefore, it

27  is HEREBY ORDERED AS FOLLOWS:

28        This Court GRANTS Maxim's Petition and Supplemental Petition pursuant to 9 U.S.C. § 10

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

                                        1

1  and Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of

2  June 10, 1958 ("the New York Convention"), having duly considered the following issues:

3          1.  The Arbitrator's denying Maxim's requests to postpone the November 2006 and the

4  May 2007 hearings violated Maxim's right to due process and constitutes prejudicial misconduct.

5  An arbitrator must postpone an arbitration hearing where "sufficient cause" is shown and a refusal to

6  do so is grounds for vacatur.  9 U.S.C. § 10(a)(3).  Just prior to each hearing Master Chips increased

7  its claim for damages by six to ten times the approved amount without the required authorization

8  from the ICC Court.  More specifically, Master Chips' increased its damages claim on May 4, 2007

9  only *one business day* before the May 2007 hearings and did not provide Maxim notice of the

10 increase until after the close of business.  Maxim requested that the Arbitrator continue both hearings

11 due to Master Chip's unauthorized increases, but the Arbitrator denied each request and treated

12 Master Chips' unauthorized increases as legitimate in spite of the fact that they had never been

13 approved by the ICC Court.  There was "sufficient cause" to continue both hearings as a result of

14 Master Chips' unilateral increases, especially in light of the fact that Master Chips increased its

15 claim on the eve of the May 2007 hearing.  *See Coastal General Construction Services, Inc. v.*

16 *Virgin Islands Housing Authority*, 238 F. Supp. 2d 707 (D.V.I. 2002).  Maxim was led to believe that

17 the damages being claimed was €750,000 and prepared its defense accordingly.  As a result of the

18 Arbitrator's refusing to continue the November 2006 and May 2007 hearings, Maxim was unable to

19 present its case (Article V(1)(b) of the New York Convention), did not have an "opportunity to be

20 heard at a meaningful time and in a meaningful manner" (*Mathews v. Eldridge*, 424 U.S. 319, 333

21 (1976)), and was denied a fair opportunity to prepare for or respond to Master Chips' increased

22 damage claims.  *See Coastal General*, *supra*; *Certain Underwriters at Lloyd's, London v. Argonaut*

23 *Ins. Co.,* 264 F. Supp. 2d 926, 942 (N.D. Cal. 2003).

24          2.  The Arbitrator's allowing Master Chips' legal expert witness, Marc Willemart

25 ("Willemart") to testify in French on Belgium law issues deprived Maxim of its rights to due process

26 (Article V(1)(b) of the New York Convention) and constitutes arbitrator misconduct under 9 U.S.C.

27 § 10(a)(3).  Under the Arbitrator's Procedural Order No. 1 the language of the arbitration was

28 English, and under Procedural Order No. 2 no translations were to be required at the evidentiary

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 08 00721–JW
[PROPOSED] ORDER GRANTING MAXIM'S PETITION AND SUPPLEMENTAL PETITION TO VACATE ARBITRATION AWARD
PALDMS/373553.1

1  hearings.  Notwithstanding these orders the Arbitrator allowed Willemart to testify in French and the

2  Arbitrator relied on Willemart's opinion in nearly all regards in issuing his November 9 Award.

3  Maxim had no meaningful opportunity to cross-examine Willemart's testimony because Maxim's

4  counsel is not fluent in French, Maxim received no notice that Willemart would testify in French

5  until Willemart's testimony began, and Maxim had no reason to expect that Willemart would testify

6  in French in light of the Arbitrator's own Procedural Order Nos. 1 and 2.  Thus, the Arbitrator

7  essentially received Willemart's testimony *ex parte* in violation of acceptable arbitration standards

8  and his own procedural orders, and "*ex parte* evidence to an arbitration panel that disadvantages any

9  of the parties in their rights to submit and rebut evidence violates the parties' rights and is grounds

10  for vacation of an arbitration award."  *Pacific Reinsurance Management Corp. v. Ohio Reinsurance

11  Corp.*, 935 F.2d 1019, 1025 (9th Cir. 1991).  Further, as the Arbitrator relied on Willemart's

12  testimony in support of the November 9 Award Willemart's testimony was "central and decisive"

13  (*Hoteles Condado Beach v. Union De Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985)); but

14  as Maxim's counsel could not understand French, Maxim did not have an "opportunity to be heard at

15  a meaningful time and in a meaningful manner" (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)) on

16  this "central and decisive" testimony.

17         3.   The Arbitrator's disregard for the November 2006 Stipulation deprived Maxim of its

18  due process rights and constitutes arbitrator misconduct under 9 U.S.C. § 10(a)(3).  Such disregard

19  served as the basis for the Arbitrator's damages award of $2,081,043 in favor of Master Chips on the

20  Commission Claim.  By such disregard the Arbitrator considered matters only submitted outside the

21  November 2006 Stipulation and improperly accepted information concerning Master Chips' alleged

22  damages from Master Chips in an *ex parte* manner, and the *ex parte* receipt of evidence by an

23  arbitrator that bears on the amount of an award to be made constitutes prejudicial misbehavior by the

24  Arbitrator.  *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.* 607 F.2d 649, 652-653

25  (5th Cir. 1979).  Such disregard deprived Maxim of an "opportunity to be heard at a meaningful time

26  and in a meaningful manner" (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) because Maxim had

27  prepared its case based on the terms of the November 2006 Stipulation and had no opportunity to

28  rebut the new information submitted by Master Chips *ex parte.*  Additionally, the Arbitrator refused

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 08 00721–JW
[PROPOSED] ORDER GRANTING MAXIM'S PETITION AND SUPPLEMENTAL PETITION TO VACATE ARBITRATION AWARD
PALDMS/373553.1

1   to consider the relevant information that Maxim submitted pursuant to the November 2006

2   stipulation, namely its own sales data and that of Arrow Electronics, Inc., a Maxim distributor.  This

3   data was "central and decisive" to the Commission Claim and the Arbitrator's failure to consider the

4   information is prejudicial error.  *Hoteles Condado Beach v. Union De Tronquistas Local 901*, 763

5   F.2d 34, 40 (1st Cir. 1985).  Further, as the Arbitrator approved the November 2006 Stipulation his

6   subsequent disregard of the stipulation misled Maxim to its prejudice, because Maxim relied on

7   evidence which the Arbitrator represented would be applicable, but which he ultimately rejected.

8   *See Iran Aircraft Industries v. Avco Corporation*, 980 F.2d 141, 146 (2d. Cir. 1992).

9        IT IS SO ORDERED.

10

11  Dated: September _____, 2008

12                                    _____
                                      JUDGE OF THE UNITED STATES
                                      DISTRICT COURT FOR THE NORTHERN
13                                    DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

4