HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
Email: siskind@harveysiskind.com
SETH I. APPEL (SBN 233421)
Email: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Respondent and Cross-Petitioner
MASTER CHIPS, BVBA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Petitioner, <br><br> v. <br><br> MASTER CHIPS, BVBA, <br><br> Respondent. | Case No. C 08 00721 JW <br><br> **CROSS-PETITIONER'S OPPOSITION TO PETITIONER'S MOTION TO STRIKE SUPPLEMENTAL CROSS-PETITION TO CONFIRM ARBITRATION AWARD** <br><br> Date: September 15, 2008 <br> Time: 9:00 a.m. <br><br> The Honorable James Ware <br> Courtroom 8, 4th Floor |
| MASTER CHIPS, BVBA, <br><br> Cross-Petitioner, <br><br> v. <br><br> MAXIM INTEGRATED PRODUCTS, INC., <br><br> Cross-Respondent. | |

Respondent and Cross-Petitioner Master Chips, BVBA ("Master Chips") respectfully opposes the Motion to Strike Supplemental Cross-Petition to Confirm Arbitration Award filed by Petitioner and Cross-Respondent Maxim Integrated Products, Inc. ("Maxim").

**BRIEF STATEMENT OF FACTS**

The relevant facts are stated in Master Chips's previous filings in this matter, most recently its Memorandum of Points and Authorities in Support of Supplemental Cross-Petition to Confirm Arbitration Award, filed on August 7, 2008, and included in the Court's electronic docket as No. 44. In short, Maxim objects to certain aspects of an arbitration proceeding that took place in the International Chamber of Commerce, International Court of Arbitration (the "ICC Court") before Eric van Ginkel, an experienced and widely respected arbitrator (the "Arbitrator").

On November 9, 2007, the ICC Court issued a Partial Award (the "Partial Award"). In the Partial Award, the Arbitrator ruled in favor of Master Chips and against Maxim on several claims. Based on those successful claims, the Arbitrator awarded certain damages to Master Chips in the Partial Award and stated that he would award additional damages to Master Chips in a Final Award (the "Final Award").

On January 31, 2008, Maxim filed a Petition to Vacate Arbitration Award in this Court. On April 28, Master Chips answered and opposed Maxim's Petition to Vacate. It also filed a Cross-Petition to Confirm Arbitration Award.

On June 2, the Court heard oral argument concerning Maxim's Petition to Vacate Arbitration Award and Master Chips's Cross-Petition to Confirm Arbitration Award. During the argument, the Court discussed with counsel the possibility of deferring judgment until issuance of the Final Award.[1]

On July 12, the ICC Court issued that Final Award. In it, the Arbitrator awarded to Master Chips the total amount of its damages, taking into account the calculations of an expert.

---

[1] The transcript of the June 2 hearing is included in the Court's electronic docket as No. 36.

On July 24, Master Chips filed a Supplemental Cross-Petition to Confirm Arbitration Award, in which it asked the Court to confirm both the Partial Award and the Final Award. This is the document that Maxim now moves to strike.

Ironically, on August 11—the same day that Maxim filed its motion to strike Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award—Maxim filed a Supplemental Petition to Vacate Arbitration Award, in which it asks the Court to vacate both the Partial Award and the Final Award.[2]

The Court should consider both Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award and Maxim's Supplemental Petition to Vacate Arbitration Award.

## ARGUMENT

**1.    Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award was Procedurally Proper and Appropriate Under the Circumstances.**

At the June 2 hearing, the Court and counsel discussed the possibility of a single ruling concerning both the Partial Award and the Final Award after issuance of the latter. [Tr., 8:14-9:11] Maxim admits as much. [Opp. to Supp. Cross-Pet. to Confirm, 7:15-22] In response to the Court's question concerning its options, Master Chips's attorney stated that the Court could delay ruling on the Partial Award until the ICC Court issued its Final Award, and "then see if the parties have anything to add to their papers." [Tr., 8:22-25]

Nonetheless, Maxim asserts that Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award was procedurally improper. Maxim bases its Motion to Strike on Rule 15(d) of the Federal Rules of Civil Procedure (FRCP), which provides that "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading." While Master Chips never formally moved the Court for leave to file its Supplemental Cross-Petition to Confirm Arbitration Award, both parties were well aware that it would seek confirmation of the Final Award when the Final Award was issued. This was implicit in the parties' discussion with the Court at the

---

[2] Maxim also filed a Motion for Leave to file its Supplemental Petition to Vacate Arbitration Award. For the reasons discussed *infra*, this filing was unnecessary.

1  June 2 hearing—nearly two months before Master Chips filed its Supplemental Cross-Petition to
2  Confirm.  There can be no question that Master Chips's filing was "just," and that Maxim had
3  "reasonable notice."  *See Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D.
4  674, 678 (M.D. Fl. 1999) ("The court may also allow a party to serve supplemental pleadings, which
5  set forth transactions, occurrences, or events that have happened since the date of the pleading to be
6  supplemented. . . . However, the supplemental pleading must be upon reasonable notice and upon
7  such terms as are just.").[3]

8  Master Chips's filing was clearly in accordance with the spirit of FRCP 15(d).  Given the
9  relationship between the Partial Award and the Final Award, and given the discussion at the June 2
10 hearing, Master Chips filed its Supplemental Cross-Petition to Confirm Arbitration Award at the
11 appropriate time.

12 Just as Maxim has been unable to show prejudice resulting from the Arbitrator's alleged
13 misconduct during the arbitration, Maxim is unable to show prejudice resulting from Master Chips's
14 filing of its Supplemental Cross-Petition to Confirm Arbitration Award.  It does not even try.  On the
15 contrary, Maxim itself filed a Supplemental Cross-Petition to Vacate Arbitration Award, in which it
16 does not raise any new issues, but rather "incorporates by reference" its earlier filings. [Supp. Pet. to
17 Vacate, 1:15-22]  Significantly, Maxim has never raised any objections specifically directed to the
18 Final Award.  Indeed, in its Opposition to Master Chips's Supplemental Cross-Petition to Confirm,
19 Maxim argues that "the Final Award should be vacated for the same reasons as the Partial Award."
20 [Opp. to Supp. Cross-Pet. to Confirm, 10:19, *et seq.*]  Maxim thus acknowledges that it could not
21 possibly have been prejudiced by Master Chips's filing of its Supplemental Cross-Petition to
22 Confirm Arbitration Award.

---

[3] Maxim does not cite any case law in support of its position that FRCP 15(d) requires a motion for leave to file a Supplemental Cross-Petition to Confirm Arbitration Award under these circumstances. The single case it cites in its brief, *Hall v. CIA*, 369 U.S. App. D.C. 346 (D.C. Cir. 2006), did not involve an arbitration award at all.

3

**2.    Maxim Never Offered a Specific Objection to Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award Before Filing the Present Motion.**

Maxim emphasizes that it "notified" Master Chips's counsel that it believed the Supplemental Cross-Petition to Confirm Arbitration Award was "procedurally improper" on July 29, and that Master Chips therefore was "on notice" of Maxim's objections [Mot. to Strike, 3:10-11; 20-21] This claim, which appears repeatedly in Maxim's brief, is misleading.

On July 29, Maxim's counsel did indeed send Master Chips's counsel an email asserting that the Supplemental Cross-Petition was "procedurally improper." But it did not offer any explanation for why it believed this document was "procedurally improper." It did not cite FRCP 15(d), or any other Federal or Local Rules. It appears that Maxim's counsel did not come up with its present argument until after sending its July 29 email.

**3.    Maxim Uses its Motion to Strike to Try to Distort Master Chips's Position.**

In its Motion to Strike, Maxim states that Master Chips has "argued that the Federal Arbitration Act ('FAA') does not apply to the Partial Award." [Mot. to Strike, 3:2-3] This has never been Master Chips's position. On the contrary, Master Chips's position has always been that the FAA applies to both the Partial Award and the Final Award, insofar as the FAA governs confirmation of arbitration awards issued under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). [*e.g.*, Opp. to Pet. to Vacate, 9:5-8; Supp. Cross-Pet. to Confirm, 3:11-14] *See* 9 U.S.C. § 201.

There is no dispute that the Partial Award and the Final Award fall under the Convention. [*See* Pet. to Vacate, ¶8] Therefore, there should be no dispute that under the FAA, the Court "shall" confirm these awards "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention." 9 U.S.C. § 207.

### CONCLUSION

For the reasons discussed above, the Court should not strike Master Chips's Supplemental Cross-Petition to Confirm Arbitration Award. The Court should confirm both the Partial Award and the Final Award.

| | |
|---|---|
| 1  Dated: August 25, 2008 | Respectfully submitted, |
| 2 | HARVEY SISKIND LLP |
| 3 | By: _____/s/_____ |
| 4 | Seth I. Appel |
| 5 | Attorneys for Respondent and Cross-Petitioner<br>MASTER CHIPS, BVBA |

5

CROSS-PETITIONER'S OPPOSITION TO PETITIONER'S  
MOTION TO STRIKE SUPPLEMENTAL CROSS-PETITION                    Case No. C 08 00721 JW